Mr. Justice ThacheR
delivered the opinion of the court.
This was a motion for a new trial, upon the grounds of the incompetency of a witness and surprise upon the trial.
One of the matters in issue upon the trial was the legality of a credit of fifty-six dollars, claimed by the defendant. The promissory note, the ground of the action, rvas originally put in the hands of Lucas & Lane, attorneys at law, for collection, and suit instituted. It was afterwards directed by the beneficiary in the note, Beers, to be sent to Dunlap, upon an agreement of the parties as to its payment. Before this was done, Arthur, the maker of the note, paid Lucas & Lane the attorney’s commissions and postage, amounting to fifty-six dollars, which, upon the trial below, he claimed as a credit. Upon the trial, in support of this set-off, he produced a letter of Lucas *332 & Lane to Dunlap, which concluded as follows: — “Mr. Arthur has paid our fee, say $55, and postage $1, which will he charged to Beers, and credited on the debt due from Arthur to Beers. Please send receipt for the note, as Beers holds otirs, and it is contemplated, as you will see, that the remittance eventually be made by us.”“ The plaintiff then offered Lucas as a witness, who testified that the credit mentioned in the letter was not absolutely to be made, but that the directions of Beers, who had made an arrangement with Arthur, here, to withdraw a suit then pending upon the note, provided Arthur would pay the fee of Lucas & Lane, and that this was the only consideration upon which Lucas & Lane would consent to the withdrawal of that suit; that Arthur consented to this, but added that he had an understanding with Beers, that if the amount of the note was promptly paid in the hands of Dunlap, that then the amount of fifty-six dollars should be credited on the note, and desired Lucas & Lane to communicate the fact to Dunlap; and that the witness undertook to write to Dunlap, as desired, but his statement of the agreement not satisfying Arthur, he finally permitted him to frame in his own language the entire latter part of the letter to Dunlap, as above quoted, which he copied and transmitted to Dunlap.
The testimony of Lucas was objected to on the. ground of interest. The only possible interest that Lucas could have in such a state of the case, would be to increase the amount of the judgment in the sum of fifty-six dollars, thereby to obtain his commissions as attorney upon that enhanced sum. But, if it were established that the regular commissions of attorneys were a good ground to exclude them as witnesses, the record in this case is silent as to the material fact that Lucas & Lane were to become entitled to commissions in this particular case. There is nothing that exhibits that Lucas had any interest in the result of the suit. At all events, his interest was balanced, and his testimony might subject him liable to plaintiff or defendant, according to his testimony and the true state of the facts.
But Arthur might well depend upon the letter of Lucas & *333 Lane, which authorized an absolute and unconditional credit to be made upon the note, and, although Lucas was competent to explain his own letter, still he might fairly charge surprise upon the trial, when he found the unqualified credit contained in the letter was proved to be in point of fact coupled with a condition, and he should have been permitted an opportunity to meet this charge in the aspect of the credit, as the witness had originally presented it by his own letter. Under all the circumstances of this branch of the case, we think the court below erred in pver-ruling the motion upon the ground of surprise.
Judgment reversed, and new trial awarded.