# SEPTEMBER TERM.

## CHARLESTOWN.

### BICE *v.* NIXON.

Submitted September 6, 1890.—Decided September 12, 1890.

1. PARTITION—REMAINDER-MEN.
   Where a tract of land was conveyed by S. P. N. to A. & B., reserving a life-estate therein on the face of the deed, and one of

said remainder-men files a bill during the lifetime of said life-tenant praying a partition of said land, and, at the same time said bill is filed, said life-tenant, who is made a party defendant in said suit, files his answer consenting to said partition and waiving his right to the possession of the land, a partition may be decreed between said remainder-men.

2.　PARTITION—REMAINDER-MEN—RENTS AND PROFITS.

It is improper in such suits to direct an account of the rents, issues and profits of said land between said remainder-men, although one of them may have been in exclusive possession thereof for some time previous to the filing of the answer by said defendant disclaiming his life-estate therein, because until that time said defendant was entitled to said rents and profits.

*A. F. Haymond* for appellants.

No appearance for appellees.

ENGLISH, JUDGE :

This was a suit in equity brought in the Circuit Court of Marion county by Jane Bice and Calder Bice, her husband, against John Nixon and Samuel P. Nixon to obtain the partition of a tract of land situated in said county and alleged to contain one hundred and forty and a half acres, one seventh part of which the female plaintiff alleged that she was entitled to, subject to the life-estate of said Samuel P. Nixon, and six sevenths of which the defendant John Nixon was entitled to, subject also to the life-estate of said Samuel P. Nixon, by virtue of a deed made by said Samuel P. Nixon, whereby he conveyed six sevenths of said tract of land to said John Nixon and one seventh thereof to the plaintiff Jane Bice, who was then Jane Nixon, and who is a daughter of said John Nixon, and also praying an account of the rents and profits of said land from the time said John Nixon entered into possession of said land, and that the said John Nixon be decreed to pay her her portion of the rents and profits and issues thereof.

The defendant Samuel Nixon answered the plaintiff's bill at once, admitting that on the 21st day of February, 1876, he conveyed to his son, John Nixon, and his granddaughter, Jane Nixon, now Jane Bice, said tract of land subject to his lifetime interest, which was reserved in said deed, in the proportions above named, and alleging that it

was his design and intention, that said vendees should take immediate possession of said land and use the same with the rents, issues and profits thereof, and alleging further that he never asked or desired possession thereof, and that he is willing that said land may be partitioned in kind between the said John Nixon and the said Jane Bice.

The defendant John Nixon filed his demurrer to the plaintiffs' bill, which was overruled by the court, and thereupon the said John Nixon filed his answer to plaintiffs' bill, in which, admitting the terms and provisions of the deed of conveyance by Samuel P. Nixon to himself and his daughter, Jane Bice formerly Jane Nixon, he claims that the effect of said deed was to retain to the grantor for his use and benefit an estate for and during his natural life in said tract of land, conveying the residue of his estate in said land to himself and his said daughter in the proportions named and mentioned in said deed, and denies that either he or said Jane Bice had by virtue of said deed any legal or equitable right to the possession or use of said tract of land until after the death of said Samuel P. Nixon, who was still living and was a party defendant to this suit.    He admits, that soon after the execution of said deed, he took possession of the whole of said tract, and has had the sole use and benefit thereof ever since but claims, that he took said possession and control by the permission of said Samuel P. Nixon as his tenant, neither respondent nor his daughter Jane Bice having the right to the possession or use of said tract of land during the lifetime of said Samuel P. Nixon.

Said John Nixon further claims that, acting under the advice and direction of his father, he erected a frame dwelling-house on said land, at a cost and expense of at least two thousand five hundred dollars, which enhanced the value of said tract by at least the amount of the said cost; that, at the time he erected said dwelling, the said Jane Bice was single and resided near the said tract of land; and that she and the said Samuel P. Nixon had full knowledge and notice thereof and knew well, that he was erecting said dwelling on said land as a place of residence, and that the same was necessary and beneficial to said land and

greatly increased the value thereof, but ·that they made no objection whatever. He admits that said tract of land is susceptible of partition in kind between himself and the plaintiff Jane Bice in the proportions aforesaid, but he insists that, whenever such partition shall be made, the said dwelling-house should in equity be excluded from the value ·of the land at the time of such partition, or that the said Jane Bice should be charged with one seventh of the cost of said new dwelling-house.

He denies that the plaintiff at the time of the commencement of this suit, or at any time since, was entitled to demand or enforce in equity a partition of said tract of land between herself and respondent; and he denies that the said Jane Bice was before or at the time· of the commencement of this suit, or since, under and by virtue of said deed, entitled to the possession of said tract of land, or to any part thereof, or to the rents and profits of the same, or any part thereof.

And he further says that at no time since the making of said deed has said Samuel P. Nixon admitted, in any legal or binding way or manner, the right of the said plaintiff Jane Bice to have or demand partition of the said tract of land, or to have or to receive or enjoy the benefit of any part of the rents and profits of the said tract of land, until the death of said Samuel P. Nixon ; and he insists that, under the circumstances, Samuel P. Nixon alone is entitled to demand rent, or an account for the rents, issues and profits of said land since he has occupied the same. And he says he would not have entered upon said land, or taken possession of the same, or resided thereon, but for the direction and permission of his father so to do, free of rent, or account for rent.

He denies that said Samuel P. Nixon informed said Jane Bice, before the commencement of said suit, that he was willing that the said land should be partitioned in kind between her and respondent, in accordance with their respective rights under said conveyance, and, if such was the case, he says he had no knowledge or notice thereof. And he claimed that, if any such consent was given by said Samuel P. Nixon, there was no contract or agreement to that effect

in writing signed by him, or any person with authority to act for him, and the same was not, and is not, valid and binding upon him or respondent, under the statute of frauds and perjury of this State, which was pleaded and relied upon so far as the same applies or is applicable; and he denies that the plaintiff is entitled to partition under and by virtue of the said deed. Said respondent further says that, upon the faith of the understanding and agreement with his father, he repaired and reconstructed the fencing around and upon said land, and erected said new house, which was necessary to protect said land and its cultivation, and to enable respondent and his family, when and after he entered upon, and took possession of, to occupy the same as a residence, and that he expended the sum of one thousand two hundred and ninety dollars in repairing said fencing, and that he would not have done so but for the promise that he should occupy the same rent free during the lifetime of his father, and that it would be a gross fraud upon him to permit said Jane Bice now to have possession of said land or any part thereof.

On the 16th day of March, 1889, a decree was rendered therein, overruling the demurrer of said John Nixon to the plaintiff's bill, and directing a partition of said one hundred and forty and a half acre tract of land between said John Nixon, who is the owner of six sevenths of said tract of land, subject to the lifetime interest of the said Samuel P. Nixon and the said Jane Bice, who is the owner of the one seventh part thereof, subject to the lifetime interest of said Samuel P. Nixon therein, having due regard to quantity, quality and value, as at the time said John Nixon entered into possession thereof, appointing commissioners to make said partition, and report their proceedings to the court, and directing them to ascertain and state in their report the value of said entire tract of land, and the value of each part assigned and set apart by them, together with the fee-simple value of the whole of said real estate; and said cause was referred to a commissioner in chancery with directions to ascertain (1) when the said John Nixon entered into and took possession and control of said tract of one hundred and forty and a half acres of land; (2) the fair

cash rental value of said tract of land for each of the years the said John Nixon had been in possession and control of the same, and what rental, if any, had been paid to and received by the plaintiff Jane Bice from the defendant, John Nixon, and what proportion of the rental value of the said tract of land the plaintiff Jane Bice is entitled to by reason of being the owner of one seventh undivided interest in said tract of land.

On the 10th day of May, 1889, the commissioners, who were appointed to make partition of said tract of land, filed their report, in which they set apart to said John Nixon a part of said tract therein described, containing one hundred and seventeen acres and one hundred poles, and to said Jane Bice the residue thereof, containing twenty four and seven eighths acres, and therein described, and they estimate the value of the entire tract at six thousand eight hundred and seventy four dollars, and the part containing six sevenths at five thousand eight hundred and ninety two dollars, and the part containing one seventh at nine hundred and eighty two dollars, in making which estimates they did not take into consideration the value of the dwelling-house occupied by said John Nixon on said land, or any part thereof; and to this report the defendant John Nixon by his counsel excepted, upon the ground that under the pleadings and evidence in the cause the plaintiff, Jane Bice, was not in law or equity entitled to have partition of said land, the said Samuel P. Nixon being still alive and having a life-estate in said land, and the plaintiff is not entitled to the possession of any part of said land, and will not be until the death of said Samuel P. Nixon.

On the 10th day of July, 1889, a decree was rendered overruling said exceptions to said commissioners' report, confirming said report, and directing that the said John Nixon do take, have, and hold in severalty and fee-simple, free from the said Jane Bice, subject to the lifetime interest therein of the defendant Samuel P. Nixon, the said lot or parcel of land situated in Marion county, containing one hundred and seventeen acres and one hundred poles, and described in said commissioners' report; and it was further decreed that said Jane Bice should take, have and hold in

severalty and fee-simple, and free from said John Nixon, subject to the lifetime interest therein of the defendant Samuel P. Nixon, said tract or parcel of land containing twenty four and seven eighths acres described in said commissioners' report; and providing that a certain fence on said land should be used as partnership material; and from these decrees the said John Nixon applied for and obtained an appeal to this Court.

The first error assigned and relied upon by the appellant is that the court erred in overruling his demurrer to the plaintiff's bill ; and his counsel insists in his·brief filed, that said demurrer·should have been sustained, and the plaintiff's bill dismissed, because the plaintiff by her bill shows, that said Samuel. P. Nixon conveyed to her the undivided one seventh part of the tract of land in the bill mentioned, subject to the life-estate of said Samuel P. Nixon therein, who is still in life and is a party defendant to this suit. The plaintiff, however, in her bill avers, that said Samuel P. Nixon had informed her, that he was willing, that said land might be partitioned in kind between her and the said John Nixon in accordance with their respective rights under said deed ; and also before said demurrer was filed said Samuel P. Nixon filed his answer in this cause which was signed by him personally, in which he says it was his intention and design that the vendee in said deed should take immediate possession of the said tract of one hundred and forty and a. half acres of land, and use the same and the rents, issues and profits thereof, and that he never asked the return to him of the possession of the same, and never desired, and does not now desire, the possession thereof, and also says that he is willing that said land may be partitioned in kind between said John Nixon and the said Jane Bice in accordance with their respective rights under said deed, and that he so informed said Jane Bice.

The said answer so filed must be regarded as a waiver of his right to the possession of said land and a consent, that the same may be partitioned as prayed for; and, although the allegation in the bill may not be regarded as sufficient, yet the fact being before the Court, that said

Samuel P. Nixon consents that partition may be made as prayed for, and that he disclaims the possession, we do not regard it proper to pass on the question involved in the demurrer, that is, whether a remainder-man can have partition before the termination of the life-tenant's estate, especially as the bill could be easily amended by incorporating therein the facts set forth in the answer of said Samuel P. Nixon, and no new fact would thereby be presented.

Can we, however, approve of the rulings of the court below in its decree rendered on the 10th day of July, 1889? It will be perceived that said decree confirms the report of the commissioners, who were appointed to go upon said tract of land and partition the same, and then proceeds to direct that the plaintiff and the defendant, John Nixon, do have and hold the portion of said lands allotted to them by said commissioners in severalty and in fee-simple, subject to the life-estate of the defendant, Samuel P. Nixon, when it appears that said commissioners partitioned said tract of land between said John Nixon and the plaintiff, allotting to said John Nixon six sevenths thereof, and to the plaintiff one seventh thereof, describing the portions so allotted to each of said parties, without making any reference to the life-estate of said Samuel P. Nixon in their said report. This decree must be regarded as not only inconsistent but erroneous, and, as it appears from the answer of said Samuel P. Nixon filed in the cause, that he waives and disclaims his right to the possession of any portion of said land and consents that it may be partitioned, said decree should be corrected by striking out so much thereof as makes the portions so allotted subject to the life-estate of said Samuel P. Nixon.

As to the rents, issues and profits of said one hundred and forty and a half acre tract of land which accrued anterior to the filing of said answer by Samuel P. Nixon, the plaintiff clearly had no right to demand or have any account thereof, for the reason that up to that time the said Samuel P. Nixon was entitled to the whole of the rents, issues and profits of said tract of land, and the plaintiff was entitled to no portion thereof from the defendant

John Nixon or any other person, and if the said Samuel P. Nixon saw proper to allow said John Nixon to use and occupy said tract of land free of rent, he had a perfect right so to do. So much of said decree, therefore, as directed an account of the rents, issues and profits of said tract of land to be ascertained, must be set aside as improvidently directed, and so much of the decree of the 10th day of July, 1889, as directs that the plaintiff and the said John Nixon shall hold the parcel of land therein allotted to them subject to the life-estate of said Samuel P. Nixon, must be corrected so as to omit therefrom the words "subject to the life-estate of the said Samuel P. Nixon" so as to direct them to hold the said tracts so allotted to them respectively in severalty and in fee-simple.

And this cause is remanded to the Circuit Court of Marion county for further proceedings to be had therein in accordance with the decree hereinbefore indicated; and the costs of this appeal must be paid by the plaintiff and the defendant, John Nixon, in the same proportion as that in which they are entitled to the land in controversy, the reversal being beneficial to both the plaintiff and the defendant, John Nixon.

REVERSED IN PART. REMANDED.