# CHARLESTON.

ADA F. BUSH *et als. v.* ISAAC C. RALPHSNYDER

(No. 5360)

Submitted November 10, 1925. Decided November 24, 1925.

1. PARTITION—*Life Tenant and Remainderman in One Undivided Moiety May Join as Plaintiffs in Partition Suit Against Fee-Simple Owner of Other Moiety.*

    A life tenant and the remaindermen in one undivided moiety of land may join as parties plaintiff in a partition suit against the fee simple owner of the other moiety. Point 1 in the syllabus of *Lefever* v. *Thomas,* 69 W. Va. 88, applied. (p. 467.)

    (Partition, 30 Cyc. p. 201.)

2. SAME—*Only Parties Ordinarily Necessary in Suit for Compulsory Partition Are Those Who Would be Necessary in Voluntary Partition.*

    The only parties ordinarily necessary in a suit for compulsory partition are those who would be necessary in a voluntary partition. (p. 470.)

    (Partition, 30 Cyc. p. 202.)

3. APPEAL AND ERROR—*Party Relying at Trial on Specific Ground for Relief or Defense Will Ordinarily be Refused Relief on Appeal in Position Inconsistent Therewith.*

    When a party relies in the trial court upon a specific ground for relief or in defense, he is bound thereby, and will ordinarily be refused relief in the appellate court on any position inconsistent therewith. (p. 468.)

    (Appeal and Error, 4 C. J. § 2608.)

4. CREDITORS' SUIT—*Purchaser of Land Sold in General Cred-*
*itors' Suit Becomes Party Thereto; Purchaser of Land*
*Sold in General Creditors' Suit, Not Applying Therein for*
*Correction of Commissioner's Deed, Cannot Obtain Such*
*Relief in Separate Suit.*

A purchaser of land sold in a general creditors' suit be-
comes a party thereto. If the decree of sale and the com-
missioner's deed do not embrace all of the property he claims
to have purchased, he has the right to apply to the court in
that proceeding for correction or relief. If he fail to do
this he cannot obtain such correction or relief in a separate
suit. (p. 470.)

(Judicial Sales, 35 C. J. §§ 113, 180, 194.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Appeal from Circuit Court, Taylor County.

Suit by Ada F. Bush and others against Isaac C. Ralph-
snyder for partition. Decree for plaintiffs, and defendant
appeals.

*Affirmed.*

*Hogg & Hogg,* and *G. W. Ford,* for appellant.
*Robinson, Warder & Robinson,* for appellees.

HATCHER, JUDGE:

About the year 1918 a general creditors suit was brought
by Kunst, Administrator, against the heirs of Taylor E. Cole,
deceased, in the circuit court of Taylor county. The cause
was referred to a commissioner, who reported, along with
other property owned by Cole, that he and Ada F. Bush
owned jointly that part of lot number 40 in the city of
Grafton ''upon which stands a three-story brick building at
the corner of Luzadder and East Main Street, fronting on
East Main Street 26 feet and extending back along Luzadder
Street to the Anna Breedlove lot, upon the back portion of
which and in the rear of said brick building stands a two-
story frame dwelling and a small building used for storage
purposes.'' Upon that report a sale of the property was
ordered and the above interest was described in the decree
as follows: Parcel No. 7. An undivided one-half interest

in and to that part of Lot No. 40, at the corner of Luzadder and East Main Streets fronting on East Main Street twenty-six feet, and extending back preserving the same width along the east side of Luzadder Street to Anna Breedlove property.'' Isaac C. Ralphsnyder, the defendant herein, purchased this interest at the commissioner's sale. The report of the sale referred to the interest as ''Parcel No. 7. An undivided interest in the property known as No. 103 East Main Street, of the Taylor E. Cole properties, heretofore directed to be sold at the price of $6500.00.'' The purchase by Ralphsnyder was confirmed by a decree entered May 18, 1920, and a deed directed. The commissioner executed and delivered to Ralphsnyder a deed containing the same description of parcel No. 7, as was set forth in the decree directing the sale. This deed was never placed on record, but has remained in the possession of the purchaser.

Sometime after the execution of the deed, a petition was filed in the Kunst suit by the commissioner, which alleged that Cole had owned an interest in a parcel of land situated in the rear of the Breedlove property and that this interest was ''implied'' in the description of parcel No. 7, as given by the commissioner in the words, ''upon the back portion of which and in the rear of said brick building stands a two-story frame dwelling and a small building used for storage purposes,'' that the commissioner intended to include in the sale that part of said lot lying in the rear of the Breedlove property, and that Ralphsnyder refused to accept the deed in the form submitted and requested the commissioner to make a deed specifically including the rear portion of lot 40. The petition prayed the direction of the court in the premises. The record in the present case does not disclose what action was taken on this petition, but the unmistakable inference is that the court did not grant permission to change the description.

On April 3, 1922, the defendant herein filed a bill against the plaintiffs herein in which he set out the proceedings in the suit of *Kunst* v. *Cole,* and the sale and purchase by him of an undivided interest in part of lot 40. He alleged that

he was the owner of that interest and prayed for a partition. The description given of his interest, in his bill, is as follows: "undivided one-half interest of the said Taylor E. Cole in and to that part of said lot No. 40 at the corner of Luzadder Street and East Main Street fronting on East Main Street twenty-six feet and extending back preserving the same width along the eastern side of said Luzadder Street to the Anna Breedlove property."

For some unexplained reason the suit of the defendant was not pressed, and the present action was brought at January Rules 1924. The bill herein contains the same description of the lot sought to be partitioned, as is given in the decree of sale in the Kunst suit and in the deed to the defendant, and prays that the lot be partitioned or sold.

The answer of the defendant alleges that the description of parcel No. 7 in the decree of sale in the general creditors' suit "included necessarily" all the undivided interest owned by Cole in lot No. 40, at the time of his death; that at the commissioner's sale it was the "intention of the parties" to the suit to sell and there was then sold all such undivided interest, he being the purchaser thereof; that the phrase in the decree, "preserving the same width," was a "clerical misprison" constituting a departure from the commissioner's report, and is entirely void; and that the bill herein does not describe his said interest properly. The answer prays for an accounting as to the rent of the property and for partition or sale of the boundary which the respondent claimed he purchased at the commissioner's sale. The plaintiffs replied specially denying the allegations of the answer. Upon the hearing the circuit court decreed that by his purchase and deed from the commissioner, the defendant obtained no title to that portion of lot No. 40 lying to the rear of the Breedlove property, and upon a report of the commissioner that the property was incapable of partition, decreed a sale of the 26 foot parcel as described in the bill.

On demurrer, the defendant points to a joinder of a life tenant and the remainder-men as parties in the bill, and contends that there is a misjoinder of parties. *Merritt* v. *Hughes,* 36 W. Va. 356, is cited, which holds that a remainder-man

cannot compel partition during the continuance of the life tenancy. The reason underlying that decision is that partition may be demanded only by those who are entitled to the possession; and the remainder-men have no such right during the continuance of the life estate. In *Merritt* v. *Hughes,* Judge BRANNON argues: ''The remainder-man cannot get immediate possession although he should have partition. Why give him partition before his right vests in actual possession?'' A tenant for life, however, may compel partition against his co-tenants. 30 Cyc. 199, par. 11; 20 R. C. L. 28, par. 744; Freeman on Cotenancy and Partition, par. 455. The defendant and the life tenant in this case are tenants in common. *Carneal* v. *Lynch,* 91 Va. 114; Minor's Insts. 494; 1 Lomax Digest 641. Under our statute, co-tenants may be compelled to make partition. Code, Ch. 79, Sec. 1. Therefore Mrs. Bush as life tenant had the right to maintain this suit. A life tenant, however, may waive his right to the possession of the land. In which case a partition will then be decreed at the instance of the remainder-men. *Bice* v. *Nixon,* 34 W. Va. 107; *Grahm* v. *Seaman,* (Iowa) 159 N. W. 206. When the life tenant and the remainder-men have mutually adjusted their several interests in property, we see no impropriety in joining them as plaintiffs.

> ''A co-tenant for life or for years may, either at law or in equity, enforce partition of the particular estate, and in equity may make the owners of the future estate parties and have such a decree as will fairly adjust all the interests in the estate.'' Pomeroy's Eq. Juris., par. 2131, p. 4799.

> ''Nor do we see any impropriety in joining with a plaintiff entitled by himself to maintain the action other persons, who, although they could not by themselves compel a partition, are necessary or proper parties defendant because they have some interest or lien which may be affected by the final judgment, and their presence in court is necessary to vest a complete title in the purchaser or allottees.'' Cyc. par. 16, p. 201.

> 20 R. C. L. par. 29, p. 748.
> 15 Ency. Pl. and Pr. 791-2.

It is true that the life tenant and the remainder-men have entirely separate interests in the estate, but joint interest is not the sole criterion by which to judge the joinder of parties as plaintiffs.    Those who seek a common objective in a suit although their interests are separate, may join as parties plaintiff. *Lefever et al.* v. *Thomas,* 69 W. Va. 88. The plaintiffs in the present suit have joined for the common purpose expressed in their bill.    We fail to see how the object of this suit could be properly accomplished, and a complete title vested as its result, unless the remainder-men were before the court.    Their joinder with the life tenant is a matter which concerns them and the life tenant, and can in no way prejudice the defendant.    Consequently the demurrer was properly overruled.

A house called the Bender house, is situate on the rear of lot No. 40, and next to the Breedlove property.    A boundary line of the 26 foot strip divides this house.    Counsel for defendant now says that a great injury was thereby done to the parties owning the house, and that when this injustice was brought to the attention of the court in the present suit, all parties interested in the house should have been brought into the case.

The defendant's answer does not pray that additional parties be brought into the present litigation.    His position is that the proceedings in the Kunst suit conferred on him the title to that portion of lot No. 40 lying in the rear of the Breedlove property as well as to the 26 foot strip.    If his theory be correct, and title to the rear portion of lot No. 40 was conferred on him in the Kunst suit, then the Cole heirs would have nothing to litigate in this suit, and the only parties injured by the division of the Bender house are before the court in the persons of the plaintiffs and the defendant.    The argument before us that the Cole heirs should be made parties, implies that the Cole heirs were not deprived of and that he did not obtain their interest in the rear portion of lot No. 40 in the Kunst suit.    The defendant is estopped to press on appeal this contention, as it is inconsistent with his answer and his evidence.

"When a party relies, in the trial court, upon a certain ground of action or defense, he is bound thereby and will not be allowed to assume, in the appellate court, any position which is inconsistent therewith."   4 C. J. 701, par. 2608.

"Parties cannot elect to try their causes on one theory in the lower court, and, when defeated on that line, assume a different position in the appellate court."   4 C. J. 701, par. 2609.

The only parties necessary in a suit for compulsory partition are those who would be necessary in a voluntary partition.   30 Cyc. 202.   The plaintiffs and the defendant are all the parties necessary in a voluntary partition of the 26 foot strip.   They are all who have any interest therein. Courts have never gone so far as to hold that the rising tide of equity jurisdiction should sweep parties into a partition suit who have no claim to the land sought to be partitioned, but who merely controvert the claims of the defendant to another and different parcel of land.   It happens in this case that the plaintiffs have an interest in the rear portion of lot No. 40, but that is merely a coincidence.   The vital fact is that the Cole heirs have no claim to the interest of either the plaintiffs or the defendant in the 26 foot strip.   "The equities which may be adjusted and enforced in a suit for partition are such as arise out of the relation of the parties to the common property."   Freeman par. 506; see also Pomeroy Eq. Juris. par. 2126; 15 Ency. Pl. and Pr. 792.   What is the "common property" in this suit?   The only property common to the plaintiffs and the defendant is the 26 foot strip.   "Every person having any interest in the property should be made a party to a partition suit—On the other hand persons having no interest in the property should not be made parties."   20 Standard Ency. of Pro. 1013-14.   The Cole heirs not having any interest in the 26 foot strip sought to be partitioned were properly omitted as parties.

The description of the moiety purchased by defendant in the Kunst suit is plain and free from ambiguity.   Wisely or unwisely the court in that suit carved out of lot No. 40 a

parcel of 26 feet in width, fronting on Main Street and extending along Luzadder Street to the Breedlove property. Rightfully or wrongfully the division of the Bender house was made then. The commissioner therein was authorized by the court to sell, and all he did sell, and all he conveyed to the defendant was the 26 foot parcel. There was no mistake as to the boundary included in the commissioner's deed, by either the defendant or the court. This is shown conclusively by the petition of the commissioner informing the court that the defendant had refused the deed because its description of the property conveyed to the latter did not include the rear portion of lot No. 40. Upon his purchase at the commissioner's sale Mr. Ralphsnyder became a party to the Kunst suit. *Haymond* v. *Camden,* 22 W. Va. 180, (Point 13 Syl.) ; 35 C. J. 72. He should then have sought there the correction of the errors which he now alleges here. But the record discloses no action by him in that suit to have the alleged omission in his deed rectified, no motion for relief from his purchase, and no appeal. So long as the proceedings in that suit are unchanged, his interest in lot No. 40 is thereby irrevocably limited to the 26 foot strip. *Barbour* v. *Thomas,* 58 W. Va. 572; *Stout* v. *Stout,* 104 Va. 480.

Even if the stern rule of *res adjudicata* did not forbid relief here, the conduct of Mr. Ralphsnyder in that suit has not been such as to incline this court to his plea. With full knowledge of the alleged descriptive deficiency in both the decree and the deed, he completed payment of the purchase price of the 26 foot parcel, he has retained possession of the commissioner's deed thereto, and he now claims the benefit of the purchase thereof. His attitude implies acquiescence in or election to submit to the proceedings of the court in that case.

For the reasons given the decree of the circuit court will be affirmed.

*Affirmed.*