# CHARLESTON.

STATE v. ROBERT PRICE

(No. 5569)

Submitted January 26, 1926.   Decided February 2, 1926.

1. CRIMINAL LAW—*Unless Required by Court, Counsel Have Right to Refuse to Disclose Evidence Which They Expect to Introduce, Opposing Party Will Ordinarily be Warranted in Relying on Statement of Counsel as to Evidence Which They Expect to Introduce.*

   Unless required to do so by the court, counsel have the right to refuse to disclose the evidence which they expect to introduce upon the trial of a cause; but if a statement of their intention in regard thereto be made, the opposing party will ordinarily be warranted in relying thereon. (p. 700.)

   (Criminal Law, C. J. § 2036 [Anno.].)

2. SAME—*Statement by Counsel for Prevailing Party, Misleading His Opponent to Latter's Prejudice, is Generally Ground for New Trial; Statement by Prosecuting Attorney That Evidence of Former Trial Was His Bill of Particulars as to Testimony He Intended to Introduce Held Misleading, Regarding New Trial on His Contradiction of Former Testimony as to Powder Burns on Deceased.*

   If a statement made by counsel for the prevailing party misleads his opponent to the latter's prejudice, it will generally be ground for new trial.   (p. 701.)

   (Criminal Law, C. J. § 2626.)

3. SAME—*New Trial Should be Granted Because of Surprise as Readily in Criminal as in Civil Case.*

   A new trial should be granted because of surprise as readily in a criminal as a civil case.   (p. 701.)

   (Criminal Law, 16 C. J. § 2626.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Robert Price was convicted of second degree murder, and he brings error.

   *Judgment reversed; verdict set aside; new trial awarded.*

*J. N. Harman, Jr.,* and *Cecil H. Riley,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

Hatcher, Judge:

Charged with the murder of David Hurt, Robert Price was tried in the Criminal Court of McDowell County in 1921, and found guilty of murder in the second degree. At that trial the state proved that the body of Hurt was powder burned, that the wound which caused his death was inflicted by a small calibre bullet, and that Price fired at Hurt from a distance of about thirty feet. Price proved that the pistol he used was of forty-one calibre.

Upon a writ of error to this court, the verdict was set aside and a new trial awarded, because the physical facts, as proven by the state, were not consistent with the guilt of the accused. The opinion is reported in 94 W. Va. 644.

The case was tried again in the lower court in July 1925. Prior to the second trial, counsel for the defendant requested the prosecuting attorney to furnish a bill of particulars "on which the state expects to rely in the prosecution of this case." In response to this request the prosecuting attorney stated that the transcript of the record of the case lately pending in the Supreme Court of Appeals of West Virginia was his bill of particulars. At the second trial the state offered no evidence that the body of the deceased was powder burned; on the contrary it proved by six witnesses that they examined the body of the deceased after the shooting and saw no powder burns. When the state rested its case, the defendant's counsel moved the court to strike out the evidence of the state relative to the powder burns, which motion was overruled. Price was again found guilty of second degree murder. A motion was made by the defendant to the trial court to set aside the verdict and grant a new trial, which motion was refused. The defendant now prosecutes error here, on the ground that he was surprised by the evidence of the state in so far as it attempted to prove that the body of the deceased was not powder burned.

A comprehensive definition of surprise is given by Judge MILLER in the case of *Henderson* v *Hazlett*, 75 W. Va. 255 (260). "Surprise, calling for favorable action on a motion for a new trial, is that situation in which a party is unexpectedly placed with out any default on his part and which will work injury to his interests." See generally 20 R. C. L.; *Col. Ry. Co.* v. *Bowles* (Col.) 23 Pac. 467; Graham and Waterman on New Trials, Vol. 3, 874; 20 St. Ency. of Pro., 482. A new trial should be granted because of surprise as readily in a criminal as in a civil case. 14 Ency. Pl. and Pr.; 839; 20 St. Ency. Pro., 483; 16 C. J., 1126 (par. 2626). In the absence of any misleading statements as to the testimony surprise at evidence is not generally ground for new trial. *Henderson* v. *Hazlett, supra.* But where a party has been unfairly surprised or has been mislead to his disadvantage by the prevailing party, a new trial should be granted. 14 Ency. Pl. and Pr., 742; 20 St. Ency. Pro., 505-6; 16 C. J., 1128. When the surprise occurs during the trial, the party injured thereby must make prompt complaint or objection. 20 St. Ency. Pro., 485-6. When the facts in this case are tested by the foregoing rules, we find that the defendant's plea of surprise is justified. His counsel were diligent at all stages of the second trial. They attempted to ascertain beforehand the evidence upon which the state would rely, and were prompt in moving to exclude the testimony by which they were surprised. The evidence that the body of Hurt was not powder burned was unexpected to defendant, and indubitably weighed heavily against him in the deliberation of the jury.

It was not incumbent upon the prosecuting attorney to provide a bill of particulars, merely upon the request made by counsel. Neither can we consider the former record in this court as such a bill of particulars as our practice contemplates. But the inference intended by, and the inference drawn from the statement of the prosecuting attorney, was that the evidence of the state upon the second trial would conform in a general way to the evidence of the state upon the first trial. Counsel for the defendant were not in default in assuming that, as the state had proved upon the first trial that the body of the deceased was powder burned, the state would

offer like evidence upon the second trial. In *Chamberlain* v. *Lindsay*, (N. Y.) 1 Hun, 231, a new trial was granted because of misleading statements made by counsel for the prevailing party. The comments of the court in that case apply with equal force here.

> "It is not supposed that the plaintiffs' counsel really designed to deceive the attorney for the defendants with whom their interviews were held. * * * They had the undoubted right not to respond at all, for it was no part of their duty to disclose the precise course which they designed to take in the trial of the cause, or the reason on which they would endeavor to recover a verdict for the indebtedness sued upon. But when they waived that, and undertook to respond to the inquiries made, it should have been done in such a manner, as not to leave a palpably erroneous impression on the mind of the person making them."

The same general principle is upheld in *Merritt* v. *Mayfield* 85 N. Y. Suppl. 801; *Haynes et al* v. *St. ex rel etc.* 45 Ind. 425; *Bradley* v. *Lumber Co.* 105 Wis. 245; *Carey* v. *King and Hooper* 5 Ga. 75; *Coghill and Co.* v. *Marks et al* 29 Cal. 673; *Webster* v. *Smith* 72 Vt. 12; *Arthur* v. *Mitchell* 18 Miss. 326; 29 Cyc. 867; 20 St. Ency. Pro. 495-6.

The six witnesses who testified at the second trial as to the absence of powder burns on the deceased, were witnesses for the state upon the first trial, at which they gave no such testimony. Their evidence on the second trial tended to prove "a different point", and for that reason also, the defendant could well claim surprise. 29 Cyc. 866 (111); *Louisville, etc., Ry. Co.* v. *Bickel,* 97 Ky. 222.

At an early date the English courts adopted the rule, which has been followed generally in the States, that "Where a party or his counsel are taken by surprise, whether by fraud or accident, on a material point or circumstance which could not reasonably have been anticipated, and when want of skill, care or attention cannot be justly imputed and injustice has been done, a new trial will be granted." 1 Graham and Wa-

terman, *supra,* 169; *McCall* v. *Hitchcock* (Ky.), 9 Bush 66 (71).

For the foregoing reasons we are of opinion to reverse the judgment of the lower court, set aside the verdict, and award a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*