CENTRAL TRUST COMPANY, *Receiver, Etc. v.* PERRY C. COOK *et al.*

(No. 7048)

Submitted September 16, 1931.   Decided September 22, 1931.

*E. L. Phillips* and *John R. Pendleton,* for appellant.
*Lon H. Kelly* and *J. Albert Toler,* for appellee.

MAXWELL, JUDGE:

Amanda McClung complains of a decree of the circuit court of Wyoming County of April 14, 1931, setting aside as fraudulent and void a deed executed to her March 10, 1928, by Perry C. Cook and Mamie Cook, his wife. Mrs. McClung was 82 years of age when this suit was brought. She is the mother of Mrs. Cook, and for a number of years has lived a part of each year in the Cook home. The Bank of Mullens was a creditor of Perry C. Cook at the time of the execution of said deed, though none of its claims had then been reduced to judgment. The bank had made loans to him.

The bill contains the usual allegations of a bill of such character, namely, that at the time of the execution of said deed the male grantor, debtor and owner of the property conveyed, was insolvent, and that that fact was known to the grantee; that the transfer and grant were without valuable consideration; that the deed was executed with the intent on the part of the grantor to hinder, delay and defraud his creditors; and that the grantee had notice and knowledge of such fraudulent intent. Cook and his wife answered jointly; Mrs. McClung separately. The former deny the alleged insolvency, fraudulent intent and want of valuable consideration. They say that the several parcels of real estate embraced in the deed were conveyed to Mrs. McClung "for a consideration of more than $20,000 cash in hand, and the execution by her of certain notes for deferred payments thereon." Mrs. McClung says in her answer that she purchased the property "by paying more than $20,000 in cash and executing her notes in a smaller sum." She denies that the conveyance was made to her with the intent on the part of said Perry C. Cook to defraud his

creditors, and denies further that she had any knowledge, notice or information that said Cook was insolvent at the time of the conveyance.

The point is made that Mrs. McClung is defeated on the pleadings because she does not in her answer categorically deny that she had knowledge of fraudulent intent on the part of the male grantor. In support of this position reliance is placed upon the principle applied in the case of *Dent* v. *Pickens*, 59 W. Va., 274, wherein it is said that a party who claims to be a bona fide purchaser without notice must deny in his answer that he had any notice of fraud of his grantor or assignor. That is, of course, a correct proposition as a general rule. Here, however, in lieu of such specific denial we have another denial in the answer of Mrs. McClung which may be deemed tantamount to the one the absence of which is criticized. She denies that there was fraudulent intent on the part of Cook in making the conveyance to her. Now if there was no fraudulent intent on the part of Cook, there could not possibly be any notice thereof to his grantee. There can be no notice of a non-existent thing. Though the method of pleading thus employed in Mrs. McClung's answer is not to be commended, the answer does not in its effect leave undenied the alleged notice to the grantee.

In support of the allegations of the bill the only witnesses examined on behalf of the plaintiff were the defendants, Perry C. Cook and Amanda McClung. In his testimony Cook does not sustain any of the essential allegations of the bill. He says that at the time he made the conveyance to Mrs. McClung he considered his assets to be worth about $15,000 more than his liabilities, though he admits that he has become insolvent since that time; that the consideration for the transfer was $24,000, whereof $20,000 had been loaned to him by Mrs. McClung prior to the date of the deed, and $4,000 thereof was represented by three notes executed by her to him at the time of the conveyance, one of the notes being in the sum of $2,000 and the other two in the sum of $1,000 each; that at the time of the conveyance he considered the purchase price to be the fair value of the property conveyed. Mrs. McClung in her testimony says that the consideration for the conveyance to her

was $24,000; that prior to the conveyance she had loaned her son-in-law $20,000 which was used by him in the erection of a building and that at the time of the conveyance she executed notes to him in the aggregate of $4,000.

This whole transaction arouses one's suspision. But fraud cannot be declared on that basis. The allegations of the bill essential to the relief prayed for are denied. On the pleadings, standing thus, the plaintiff could not prevail. Proof was essential. There is none which effectively sustains the allegations of the bill. Take the matter of consideration: Both Cook and Mrs. McClung, placed on the witness stand by the plaintiff, testify that the consideration was $24,000 of which they definitely account for $4,000 in notes executed by Mrs. McClung and they give their explanation as to the remaining $20,000 of the total. True, they produce no cancelled checks nor other written memoranda to sustain their testimony in these particulars, but they were not asked to do so, and their testimony stands uncontradicted and unimpeached. A party ordinarily has full right to place his adversary on the witness stand (Code 1931, 57-3-1; *Russell* v. *Dickeschield*, 24 W. Va. 61) and, the courts properly extend liberality in the manner of examining such witness; (Reynolds on Evidence, sec. 115 (latter part); 400 Cyc., p. 2473); but uncontradicted testimony thus obtained cannot be ignored and read out of the case simply because it does not conform to the plaintiff's theory of the case.

It is said that there is inconsistency between the allegations in the answers of Cook and his wife and Mrs. McClung and their testimony with reference to the consideration passing for the conveyance; that whereas the answers allege that $20,000 was paid in cash the defendants say in their testimony that the said sum was represented by loans that had been made prior to the conveyance. While it is true that the allegations of the answers with reference to the $20,000 carry the inference that the $20,000 was paid cash in hand at the time of the conveyance, it is not necessarily so, because, if in fact she did make loans to Cook prior to the conveyance the same might

very reasonably be considered by them as cash in hand paid by her to him within the literal meaning and significance of the answers.

Being unable to perceive that the chancellor's decree of April 14, 1931, cancelling and setting aside the said deed of March 10, 1928, is based on evidence, we reverse the decree and remand the cause.

*Reversed and remanded.*