CENTRAL TRUST COMPANY, RECEIVER, *v.* PERRY C. COOK, *et al.*

(No. 7048-A)

Submitted February 23, 1932. Decided March 1, 1932.

*Bailey & Shannon,* for appellant.

*E. L. Phillips,* and *John R. Pendleton,* for appellee Amanda McClung.

LITZ, JUDGE:

By deed dated in 1926, Perry C. Cook granted to J. Albert Toler, trustee, a tract of land, in Wyoming county, containing 150 acres, more or less, to secure payment of a note for $10,-000.00 signed by Cook, as maker, and payable to Jeff Goode. The conveyance was recorded upon an acknowledgment thereof by the grantors before the trustee, as a notary. By deed dated March 10, 1928, Perry C. Cook and wife conveyed the said tract, with other lands, to Amenda McClung. On January 4, 1929, Raleigh County Bank instituted a creditors suit in the circuit court of Wyoming county against Perry C. Cook and others to enforce the liens against his real estate. March 22, 1929, Central Trust Company, as receiver for the

Bank of Mullens, instituted a suit in chancery in said court against Perry C. Cook, Amanda McClung and others to cancel the deed from Cook and wife to Amanda McClung, as having been made with intent to hinder, delay and defraud his creditors. Goode filed a pleading in the cause attacking the deed for the same reasons. The two suits having been consolidated, a decree was entered therein April 14, 1931, setting aside the deed from Cook and wife to Amanda McClung, declaring that the deed to J. Albert Toler, trustee, was not recordable, holding that the lien created thereby in favor of Goode was subordinate to the liens in favor of other creditors, and directing a sale of the land to satisfy the claims in order of priority of the lien creditors. From that decree, Amanda McClung and Jeff Goode obtained separate appeals. Upon a hearing of her appeal, the decree, in so far as prejudicial to her, was reversed. *Central Trust Co.* v. *Perry C. Cook et al.,* 111 W. Va. 99, 160 S. E. 561.

This is Goode's appeal, in which he assigns error to the rulings of the circuit court as follows: (1) that the deed from Perry C. Cook and wife to Amanda McClung was made for the purpose of hindering, delaying and defrauding his creditors, and (2) that the lien in the deed to J. Albert Toler, trustee, is subordinate to the liens of other creditors.

Sufficient answer to the first assignment is, as already stated, that Goode joined with the other creditors in the circuit court charging the deed from Cook and wife to Amanda McClung had been executed for the purpose of hindering, delaying and defrauding his creditors. ''Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts.'' *McDonald* v. *Long,* 100 W. Va. 551, 131 S. E. 252; *Ealy* v. *Ice Cream Co.,* 110 W. Va. 502, 158 S. E. 781; *Clay County Bank* v. *Wilson,* 109 W. Va. 684, 158 S. E. 517; *State* v. *Price,* 100 W. Va. 699, 131 S. E. 710; *Bush* v. *Ralphsnyder,* 100 W. Va. 464, 130 S. E. 807; *Keyser Caning Co.* v. *Klots Throwing Co.,* 98 W. Va. 487, 128 S. E. 280; *Clark* v. *Clark,* 70 W. Va. 428, 74 S. E. 234, 10 R. C. L. 699; 31 C. J. 1113.

The answer to the second assignment is that the acknowledgment of the trust deed by the grantors before the trustee, as a notary, is invalid. *Tavenner* v. *Barrett,* 21 W. Va. 656.
The decree complained of is therefore affirmed.

*Affirmed.*