342 S.E.2d 285

**STATE of West Virginia**

v.

**Ray ELLIS.**

**No. 16517.**

Supreme Court of Appeals of West Virginia.

March 25, 1986.

---

6. Other assignments of error presented by Mr. Hager we find to be without merit and we dismiss summarily.

Glyn Dial Ellis, Logan, for appellant.

Attorney General's Office, Charleston, for appellee.

McGRAW, Justice:

The appellant, Ray Ellis, appeals from a final order of the Circuit Court of Logan County, entered January 13, 1984, which overruled his motion to set aside his conviction of the crime of malicious wounding. The principal issue on appeal is whether the trial court erred in allowing the State to introduce evidence of an inculpatory extra-judicial statement allegedly made by the appellant. We conclude that in the circumstances, the admission of this evidence was error, and we reverse the conviction on that ground.

The appellant was charged with the shotgun wounding of his sister, Mae Byrd Collins, on July 6, 1983. At trial it was established that at the time of the shooting the appellant had been standing on the front porch of his nearby home holding a loaded shotgun. Mrs. Collins testified that she had seen the appellant shoot her from the porch. The appellant testified that he had fired a warning shot into the ground one or two minutes before Mrs. Collins was wounded, but denied that he had fired at his sister.

The prosecution attempted to impeach the appellant's credibility by showing that shortly after his arrest he had made a prior inconsistent statement to Magistrate John Mendez. The appellant testified that he had told Magistrate Mendez about firing the warning shot into the ground. In rebuttal, Magistrate Mendez was allowed to

testify that the appellant had stated that he had fired the gun at Mrs. Collins.

On November 16, 1983, the jury returned a verdict of guilty. By order entered January 13, 1984, the appellant's motion to set aside the verdict was overruled, and he was sentenced to imprisonment in the state penitentiary for a term of not less than two nor more than ten years.

The appellant contends that the admission of Magistrate Mendez' testimony was reversible error because it was not disclosed by the State prior to trial. The record shows that although the appellant's motion for a bill of particulars, filed on July 25, 1983 and again on September 21, 1983, requested that the State turn over copies of any statements made by the appellant to any person involved in the case, the State's response, which was mailed less than two weeks before trial, made no mention of the statement the appellant allegedly made to Magistrate Mendez after his arrest.

■ This Court has recognized that the sufficiency of a bill of particulars may be tested by reference to the law regarding nondisclosure of court-ordered discovery.* *State v. Meadows,* 172 W.Va. 247, 304 S.E.2d 831 (1983). *See also State ex rel. Whitman v. Fox,* 160 W.Va. 633, 236 S.E.2d 565 (1977). The rule varies according to the nature of the evidence. Disclosure of evidence which, if made available, would tend to exculpate the accused by creating a reasonable doubt as to his guilt is constitutionally mandated, even in the absence of a request therefor. *United States v. Augurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *State v. Hatfield,* 169 W.Va. 191, 286 S.E.2d 402 (1982). On the other hand, where the evidence not disclosed by the prosecution is not exculpatory in nature, the rule has been stated as follows:

"When a trial court grants a pretrial discovery motion requiring the prosecution to disclose evidence in its possession, non-disclosure by the prosecution is fatal to its case where such non-disclosure is prejudicial. The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case." Syllabus point 2, *State v. Grimm,* [165 W.Va. 547], 270 S.E.2d 173 (1980).

Syllabus Point 5, *State v. Hatfield, supra.*

■ After reviewing the record in this case, we are convinced that the defense was, in fact, prejudiced by the prosecution's nondisclosure of the magistrate's testimony prior to trial. Defense counsel stated on the record that he was unaware of the existence of the statement until it was mentioned at trial by the prosecution. The magistrate's testimony went to the credibility of the appellant, a key issue at trial. Moreover, the statement attributed to the appellant was inculpatory in nature and therefore subject to attack on the ground that it was not given voluntarily. We believe the record shows that the prosecution's nondisclosure effectively restricted defense counsel's opportunity and ability to raise this issue. *See United States v. Lewis,* 167 U.S.App.D.C. 232, 511 F.2d 798 (D.C.Cir.1975). *Compare United States v. Gladney,* 563 F.2d 491 (1st Cir.1977) (nondisclosure held not prejudicial). Thus, although the prosecution had no duty to disclose the evidence in its answer to the appellant's bill of particulars, we conclude on the particular facts and circumstances of this case that the admission of that evidence at trial was reversible error. *See State v. Samples,* 174 W.Va. 584, 328 S.E.2d 191 (1985); *State v. Grimm, supra; State v. Cowan,* 156 W.Va. 827, 197 S.E.2d 641 (1973).

---

* There is no record before this Court of any court order granting the appellant's motion for a bill of particulars. However, it is clear that the State did in fact supply the bill. In *State v. Price,* 100 W.Va. 699, 131 S.E. 710 (1926), the Court held that although the prosecution was under no obligation to provide a bill of particulars without a court order, once the prosecution undertook to respond to the request, it had an obligation to do so as if such response had been ordered by the trial court.

For the reasons stated in this opinion, we reverse the judgment of the Circuit Court of Logan County.

Reversed.