FULLINGTON, for use, *vs.* KILLEN, administrator, *et al.*

65 575,
e117 880
:e117 881

1. Where suit was brought on a promissory note having several makers and indorsers, and judgment obtained agaist two of them, they only being served, it barred another suit on the note as to them.
2. Where suit against two makers of a promissory note was barred by reason of a former recovery, their residence did not confer jurisdiction on the superior court of their county in a subsequent suit against all of the makers and indorsers.

Actions. Former recovery. Jurisdiction. *Venue.* Surety and indorser. Before Judge SIMMONS. Houston Superior Court. April Term, 1880.

Reported in the decision.

WARREN & GRICE, for plaintiff in error.

DUNCAN & MILLER; H. M. HOLTZCLAW, for defendants.

CRAWFORD, Justice.

A promissory note was made by James N. Smith and Laidler & Pate as principals, and indorsed by R. O. Pate & Co. The firm of Laidler & Pate, makers, was composd of John Laidler and R. H. Pate. The firm of R. O. Pate & Co., indorsers, was composed of R. O. & J. H. Pate.

Only Smith and Laidler, of all these parties, resided in Houston county, where this litigation originated. In February, 1874, all of them were sued in the county court of Houston, on this same note. Smith, the individual maker, and Laidler, of the firm of Laidler & Pate, makers, alone were served, and judgment was rendered against them. In November, 1879, another suit was commenced in the superior court of Houston county, on the same note in favor of the same real plaintiff and against the same parties, except Smith, who had died, and whose

administrator was sued in his stead; all in this suit were served except R. H. Pate; Killen, the administrator of Smith, and Laidler only resided in Houston; the others were non-residents. Laidler, one of the partnership makers, pleaded to this suit his discharge in bankruptcy; Killen, administrator of Smith, pleaded a former recovery.

R. O. Pate and J. H. Pate pleaded to the jurisdiction of the court in connection with the former recovery against Smith and Laidler, which they specially pleaded.

The case as here stated, with the facts either admitted or supported by uncontested proof, was submitted to the judge without the intervention of jury, who, after considering the same, rendered a verdict and judgment in favor of the defendants and against the plaintiff, to which judgment the plaintiff excepted and assigns the same as error.

1. The legal question thus made for our adjudication is, whether that judgment, so rendered by the court, was legal under the facts presented. This turns on the pleas. That of former recovery being established, entitled Killen, the administrator, and Laidler, to a judgment in their favor, independently of the plea of bankruptcy which had been pleaded by Laidler. This same plea was also relied upon by the other defendants, all of whom were non-residents, to support their pleas to the jurisdiction The only ground upon which these defendants could have been carried from their counties at all was that they were the indorsers upon a promissory note, the makers of which resided in the county of Houston.

But when it was made to appear, in support of their plea to the jurisdiction, that there had been a former recovery against these makers on that identical note, and that the judgment thereon had not been reversed or set aside, it necessarily followed that the right of action on that note, as to these principals, had been merged in that judgment, and, as to them, was of no effect. Unless, therefore, a promissory note which was *functus officio* as

to the makers, could give the holder a right of action against *them*, it could not be vitalized by using their names so as to give jurisdiction over other parties who were not liable to suit out of their counties except through them.

Judgment affirmed.