# CHARLESTON.

## OHIO RIVER R'Y CO. *v*. GIBBENS.

Submitted January 26, 1891.—Decided March 11, 1891.

JURISDICTION—CONSENT.

Where the law does not give a court of equity jurisdiction of the subject-matter, consent of parties can not invest the court with power to award damages or ascertain and decree compensation.

*V. B. Archer* and *J. B. Jackson* for appellant.

*Loomis* and *Tavenner* for appellee.

HOLT, JUDGE:

By paragraph 6, § 50, c. 54, Code W. Va. p. 519, a railway company may construct its railroad across, along or upon any street or highway; but, if it be in the inhabited portion of the city or incorporated town or village, the company must have the assent of the corporation of such city, town or village, and shall not unnecessarily impair the usefulness of such street. The Ohio River Railroad Company, defendant below, desiring to extend its road down the Ohio river, it became necessary to cross the Little Kanawha river at the city of Parkersburg, and to this end to build through a part of the city an overhead approach to their bridge. Accordingly it obtained from the mayor and council, made by statute the corporation of the city, two several ordinances, one of 26th June, 1883, and one of 28th June, 1883, giving, among other things, permission to cross and occupy in certain ways certain streets, and, among them, a certain portion of Ann street. In the fall of 1886 the company commenced the construction of its viaduct or elevated approach along Ann street to its bridge. G. B. Gibbens, the plaintiff below, was the owner of a lot fronting forty three feet on Ann street, and with a three-story brick house on it, the lower story being used for a store-room and other business purposes, and the second and third stories as a bindery, and as a residence.

8

On 2d October, 1886, plaintiff below presented to the judge in vacation his bill of injunction, alleging that the piers and trestles of the viaduct along Ann street would bring the track about on a level with the second story of his house, and, in substance, that the work, if permitted to go on, would irreparably damage his property, rendering it valueless, and constituting a perpetual nuisance, praying- for an injunction to restrain the further prosecution of the work etc., and for general relief. At the same time the defendant filed before the judge his demurrer, which was overruled, and his answer, to which plaintiff replied generally. The judge granted the injunction restraining defendant from further prosecuting its work down and along Ann street between First and Second streets, until a just compensation for damages arising from the acts and things enjoined should be duly ascertained, but further ordered that the effect of the injunction might be suspended upon defendant giving before the clerk bond with good security in the penalty of four thousand dollars, conditioned to pay plaintiff a just compensation for all damages inflicted. Defendant gave the bond required.

On 3rd December, 1886, the Circuit Court of Wood county by consent of parties directed an issue to be tried on the law side of the court to ascertain whether the plaintiff had sustained damages by reason of the construction of the railway down Ann street in front of plaintiff's property, as set forth in this bill, and, if so, the amount thereof.

The issue was tried at the June term, 1890, when the jury found that plaintiff had sustained damage, and assessed the same at two thousand five hundred dollars, with interest from the 3rd day of December, 1886, till paid. On the 8th of March, 1890, defendant moved the law court to set aside the finding, but the court overruled the motion, and ordered the verdict, evidence, and exception to rulings to be certified to the chancery side of the court. On 8th March, 1890, defendant moved the chancellor to set aside the issue theretofore directed and the verdict as certified; and, the cause coming on to be heard, the court overruled both motions, and pronounced a decree for plaintiff against-

defendant for the sum of two thousand five hundred dollars, with interest from 3rd December, 1886, till paid, with leave to sue out execution.    From this decree defendant obtained this appeal.

We have two cases of our own directly in point: *Spencer* v. *Railroad Co.*, 23 W. Va. 406, in which the subject is discussed by the late Judge GREEN with his great store of legal learning and his power of patient and indomitable research; *Arbenz* v. *Railroad Co.*, 33 W. Va. 1 (10 S. E. Rep. 14) in which Judge SNYDER unfolds and makes plain the spirit of our statute on the subject, and that it is fully up to and abreast with the progress of the age.    See chapter 54, Code W. Va., especially section 50, page 518.    The meaning of it is that it is a vain and idle thing for any one man to plant himself by injunction squarely in front of such progress.    He must seek his remedy by way of damages or other mode of compensation.    This the courts in some places now have power to give him, notwithstanding his mistake of proceeding by injunction; but in pleading and practice we have not yet reached that point.

Although plaintiff, in his bill, says the work begun and being prosecuted by the company along Ann street, if allowed to proceed, will work irreparable damage to his property, and render it utterly valueless for the purposes of his business and for any other business to which the property would be likely to be appropriated—enough, perhaps, to justify overruling the demurrer—yet when we turn to his own deposition he estimates the value of his property, according to the rent received, on the basis of six *per cent.*, at thirteen thousand dollars, while the jury fix his damages at two thousand five hundred dollars.    Here the railroad, with the consent of the municipal authorities, were occupying in part what was already a public highway; not exclusively, or such considerable proportion thereof as to substantially prevent the use of the street by the general public, or to impair the usefulness of the street as a public highway for the general public and for general purposes.    The company, acting under the city ordinance, was constructing its road in a careful and proper manner; and by no testimony does it appear that the value of the

property was or was likely to be thereby entirely destroyed so as to be equivalent to a virtual taking of it by the railroad company. Therefore, as it turned out, there was no ground for an injunction generally or until bond should be given to pay such damages as might be awarded; as section 9, Art. III, of our constitution does not require such damages to be either paid or secured before such damages have actually arisen by the construction of the road. This ground of jurisdiction, existing perhaps as matter alleged, but not as matter proved, being absent, the Circuit Court of Wood county, as a court of equity, had no jurisdiction over the subject-matter pure and simple, to award damages or ascertain and decree any sort of compensation. That can only be done in such case with us by suit at law. Neither could consent of parties invest the court of equity with any such rightful power; the law alone can give jurisdiction over the subject-matter.

For these reasons the orders and decrees entered in this cause on the 2nd October, 1886, 3rd December, 1886, and of 8th March, 1890, must be reversed, the issue out of chancery and the finding of the jury therein be set aside, the injunction dissolved, and the cause dismissed, but without prejudice.

INJUNCTION DISSOLVED.    CAUSE DISMISSED.