## CHARLESTON.

William MacDonald, *Special Receiver, etc. v.* Jacob
E. Long.

(No. 5232)

Submitted May 19, 1925. Decided January 13, 1926.

Estoppel—*Parties Not Permitted to Assume Successive Inconsistent Positions in Course of Suit or Series of Suits in Reference to Same Fact or State of Facts.*

> Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts.

(Estoppel, 21 C. J. §§ 226, 232.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mineral County.

Suit by William MacDonald, special receiver of the Patterson's Creek Milling Company, against Jacob E. Long, for

specific performance. From an order decreeing specific performance, defendant appeals.

*Reversed and dismissed.*

*R. A. Welch, Ernest A. See, F. M. Reynolds,* and *Emory Tyler,* for appellant.

*Wm. MacDonald,* for appellee.

LITZ, PRESIDENT:

The defendant, Jacob E. Long, appeals from an order of the circuit court of Mineral county decreeing specific performance of an alleged contract of sale of real estate between him and the Pattersons Creek Milling Company, a corporation.

The Milling Company, organized in 1919, owned and operated a grist mill in Mineral county. It possessed no other real estate nor any personalty of consequence. On February 7, 1923, the stockholders owning more than seventy-five per cent. of the outstanding capital stock of the corporation attempted to ratify an alleged sale of the mill, at public auction, to the defendant for $8,000.00, payable one-third cash, one-third in one year and the balance in two years. The following day an unexecuted deed from the company to the defendant, for the property, was delivered to him for inspection. Acting upon the advice of counsel the defendant soon returned the paper and refused to consummate the sale.

On April 14, 1923, the stockholders owning 19/28 of the outstanding capital stock instituted a suit in chancery in said court (1) for the appointment of a special receiver to take charge, and dispose, of said mill as the property of the company, (2) the dissolution of the corporation, and (3) distribution of its assets. The bill in the cause, verified by the affidavit of the president of the company, alleged that the corporation was wholly insolvent, and that by reason of mismanagement and dissention among the stockholders it was unable to continue business; and further alleged that in order to avoid the expense of a suit to wind up the affairs of the company, the stockholders had for several months been endeavor-

ing to dispose of the mill by private sale, "and at one time thought they had consummated a sale" with the defendant J. E. Long, *"but the said sale has not been consummated".* The corporation, said Jacob E. ¡Long, who owned thirty shares of its capital stock, and the other stockholders not named as plaintiffs were made defendants. Its sworn answer, filed April 18, 1923, admitted the allegations of the bill and prayed for the relief therein sought. Upon the bill and answer a decree was entered in said cause appointing William MacDonald, the plaintiff herein, as special receiver to take possession of, and rent, the said mill, as the property of the corporation, on such terms and conditions as in his discretion may seem proper. Immediately upon his appointment he had the mill appraised as the property of the Company. Thereafter, at May rules, 1923, an amended bill was filed in the cause charging that the defendant J. E. Long had bought the property in January, 1923, at the price of $8,000.00, and praying that he be required specifically to perform his contract of purchase.

A second decree was entered in the cause, June 21, 1923, sustaining the demurrer of Jacob E. Long to the amended bill, and authorizing William MacDonald, as special receiver, to institute and prosecute in his name, or the name of the corporation, a suit against said Long for the enforcement of the alleged contract of sale. This suit was then brought. The bill herein, filed at October rules, 1923, alleges that the defendant J. E. Long became the purchaser of the property in January, 1923, at the price of $8,000.00, and prays that he may be compelled specifically to perform his contract of purchase. An amended bill was later filed, alleging that the sale to the defendant was made January 11, 1923, and ratified by the stockholders February .7, 1923. The answer of the defendant denies that the alleged sale was validly made or ratified. It avers that the defendant, acting under the terms of the contract, and *with the acquiescence of the officers of the corporation,* refused to accept the property.

Assuming that the defendant purchased the property under the alleged sale of January 11, 1923, the plaintiff is still confronted with an insurmountable obstacle, to-wit: the subse-

quent repudiation of the contract by the defendant, acquiesced in by the officers and stockholders of the corporation. As we have seen, after Long refused to accept the property, the stockholders instituted suit for the appointment of a special receiver to take charge of and sell the mill as the property of the corporation, for the dissolution of the corporation, and the distribution of its assets; and in that suit it was stated by sworn pleadings, both on behalf of the stockholders and the corporation, that the mill was the property of the corporation, and that no sale to Long had ever been consummated.

The corporation and stockholders having elected to waive any rights they might have asserted against defendant on account of the alleged sale, are bound by their choice. No reason or explanation for the attempted change of position is suggested. Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts. *C. & O. Railway Co.* v. *Rison,* 99 Va. 18, 37 S. E. 320; *Canada* v. *Beasley,* 132 Va. 166, 174; *Keyser Canning Co.* v. *Klots Throwing Co.,* 98 W. Va. 487; *Bush et al.* v. *Ralphsnyder,* decided at our last term.

It is argued by the plaintiff that pleadings in the original suit were improperly included and certified by the circuit clerk as part of the record in this case. The plaintiff, predicating his right to sue upon the proceedings in the first cause, filed as ''Exhibit B'' and ''Exhibit D'' with his bill copies of the decrees, of April 16, 1923, appointing him special receiver of the corporation, and of June 21, 1923, authorizing the institution of this suit. Under these circumstances he will not be heard to say that pleadings in the suit conferring authority for the institution of this case are fugitive papers, and improper to be considered by the appellate court. But acceptance of the argument of plaintiff would not change the situation. The decree of April 15, 1923, treating the property as that of the corporation, directs that it be rented by the special receiver. This decree, according to its recitals, was pronounced upon the bill and answer of the corporation; and is presumed to be in accord with the allegations of these

pleadings on the question of ownership of the property until the contrary is shown.

The order of the lower court decreeing specific performance of the alleged contract of sale between the Pattersons Creek Milling Company and defendant Jacob E. Long is reversed and the bills dismissed.

*Reversed and dismissed.*