D. B. EALY *v.* THE SHETLER ICE CREAM COMPANY,
*a Corporation*

(No. 6936)

Submitted May 12, 1931.   Decided May 19, 1931.

*Erskine, Palmer & Curl,* for plaintiffs in error.
*Martin Brown,* for defendant in error.

MAXWELL, JUDGE:

The opinion in this case on first writ of error appears, *Ealy* v. *Ice Cream Co.,* 108 W. Va. 184.   Reference is made thereto for detail statement of facts.   On that review of the case there was set aside a verdict and judgment for $500.00 in favor of the plaintiff against the defendant for services rendered for the latter by the plaintiff, a physician and surgeon, in making a physical examination of a boy who had been run over by one of the defendant's trucks, and in making preparation to testify, and in appearing as an expert witness in behalf of the defendant at the trial of an action for damages instituted by the father of the boy against said defendant. The case was remanded and on second trial there was verdict and judgment for the plaintiff against the defendant for $450.00.   Defendant obtained this writ of error.

The declaration includes only the common counts in assumpsit.   The bill of particulars is for $500.00 for professional services.

As appears from our opinion on the first writ of error (reference *supra*) the plaintiff, at the first trial, when testifying, itemized his charge of $500.00 as follows: for making physical examination of the boy, $10.00 to $25.00; study of case and preparation to give evidence, $75.00; court attendance two days at $200.00 per day. We held, in substance, that in the absence of statute, he was not entitled to charge a witness fee in excess of that which is paid an ordinary witness, but we further held that a physician so employed is entitled to recover the reasonable value of the time and labor spent by him in making investigation and in preparing himself to appear as an expert witness. On re-trial plaintiff sought to bring himself within the latter principle of law by basing his charge of $500.00 principally upon services rendered by him in study and investigation, in conferring with other physicians with reference to the case, and in making physical examination of the boy on whose account the damage suit had been instituted.

The principal point of error urged now is that the plaintiff has shifted his position: that, whereas, on the first trial the principal portion of his charge was for two days' attendance at the trial, now he predicates his charge on services rendered before the trial.

That the plaintiff is a competent and widely experienced physician and surgeon, and thoroughly competent to discharge the services which he undertook, is not questioned. Nor is it denied that his services were valuable. The Court takes judicial notice that for professional services involving exact knowledge of a highly technical character, predicated on extensive general study and professional experience, and upon special preparation and investigation with reference to the matter immediately in hand, charges to be compensatory must be on a higher basis than is justifiable for services of a non-technical nature. But the difficulty is that the plaintiff's position at the second trial is not consistent with his position at the first. If, when he first testified, the reasonable value of his services in making physical examination of the boy and in making preparation for the trial was but $100.00 ($25.00 for examination and $75.00 for preparation),

it is difficult to appreciate how it comes about that at the second trial those same services were reasonably worth $500.00. The change was not immaterial but was highly consequential.

"Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts." *MacDonald* v. *Long,* 100 W. Va. 551. In conformity: *Clay County Bank* v. *Mabel Fout Wilson,* 109 W. Va. 684; *State* v. *Price,* 100 W. Va. 699; 10 Ruling Case Law, 698. Such change of front on material questions of fact is not compatible with orderly, definite and regular judicial procedure.

We reverse the judgment, set aside the verdict and remand the case.

*Reversed and remanded.*