NORMA HURVITZ WEBSTER *v.* BENJAMIN HURVITZ *et al.*

(No. 8061)

Submitted May 7, 1935. Decided May 28, 1935.

*Dillon, Mahan & White* and *McGinnis, Ashworth & Mann,* for plaintiff in error.

*File, File & Scherer,* for defendant in error.

MAXWELL, JUDGE:

This is an action in detinue.

In the circuit court of Raleigh County, Norma Hurvitz Webster, residing therein, sued her father, Benjamin Hurvitz, likewise a resident of Raleigh, and the First National Bank of Mt. Hope, Fayette County, for the possession of a diamond ring of $1,200.00 value. To a judgment against it, on directed verdict, in favor of the plaintiff for the possession of the ring or, in the alternative, that it pay the stated value thereof, the bank was awarded writ of error.

At Rules, the bank filed a plea in abatement challenging the jurisdiction of the circuit court of Raleigh County on the ground that Benjamin Hurvitz was not a proper party to the action but was joined as a defendant, under a collusive arrangement between him and his daughter, the plaintiff, in order that the action might be prosecuted in Raleigh County; that the bank is a resident of Fayette County and was there served with process. The court sustained the plaintiff's demurrer to the plea, but did not assign in the order any reason for the ruling. The order discloses, however, that upon the said ruling being made, the bank moved to amend the plea by inserting therein that its principal office is in Fayette County and that its president and other chief officers reside there. The court refused to permit the amendment.

Our statute in respect of amendment of pleadings provides that the trial court may allow any amendment in matter of

form or substance in any pleading, which will enable the plaintiff to sustain his suit or a defendant to make full and complete defense. Code 1931, 56-4-24.

The discretion which the statute reposes in the trial court is not arbitrary and absolute, but judicial, and, as such, is reviewable. *Welch* v. *County Court*, 29 W. Va. 63, 69, 1 S. E. 337.

It is a basic right of every person not to be drawn away from the county of his residence to defend a suit against him, except, *ex necessitate rei*, where there are two or more defendants residing in different counties. But, in such circumstances, the defendant on whose residence the jurisdiction is based must be a proper party to the proceeding. If it be made to appear that he has no interest in the litigation, the attempted venue can not be upheld. *Wolfe* v. *Shaw*, 113 W. Va. 735, 169 S. E. 325. And this is true *a fortiori* if there be collusion between him and the plaintiff. A plea in abatement which charges such collusion has serious bearing upon the administration of justice. Certainly, ''substantial justice will be promoted'' (Code 1931, 56-4-24) by permitting an amendment of such plea to the end that the truth may be ascertained. Courts are vigilant to protect themselves against imposition. This is essential in order that their integrity may not be impaired through the machinations of the artful. A sworn charge that there was fraud to establish venue should be sifted to the bottom, and, with such meritorious end in view, procedural rules should be liberally interpreted. Fraud should not be permitted to lurk behind a veil of strict construction or a fetish of formalism.

Whatever may have been the former rule with respect to the amendment of pleas in abatement (Hogg's Pleading and Forms, 4th Ed., page 252), the language of the present statute *(supra)* is broad and comprehensive. The phrase, ''any pleading,'' contained therein, is, of course, inclusive of pleas in abatement.

We therefore reach the conclusion that the court should have permitted the plea to be amended in the manner indicated by the bank, and that the plea, as amended, should have been held sufficient on demurrer.

For these reasons, we reverse the judgment of the trial court, set aside the verdict and remand the case for further proceedings not at variance with this opinion.

*Reversed and remanded.*