FARMERS AND MERCHANTS BANK OF SUMMERSVILLE *v.* ANTHONY F. McCUE and ARNOLD McCUE

(CC 560)

Submitted October 27, 1936. Decided November 24, 1936.

*Emmett Horan* and *W. G. Brown,* for plaintiff.
*Robinson & Stump,* for defendants.

LITZ, JUDGE:

This is an action by notice of motion for judgment pending in the circuit court of Nicholas County, and in which the plaintiff, Farmers and Merchants Bank of Summersville, seeks to recover judgment against the defendants, Anthony F. McCue and Arnold McCue, on a promissory note for $5,000.00, dated August 13, 1932, signed by the former as maker and endorsed by the latter.

Anthony F. McCue is, and for many years last past has been, a resident of Harrison County, while Arnold McCue, is and for many years last past has been, a resident of Nicholas County. The notice was accepted by Arnold McCue and served on Anthony McCue in Harrison County, under subsection (a) of section 1, article 1, chapter 56, Code 1931, authorizing the institution of a personal action in the county wherein any of the defendants may reside. Anthony F. McCue filed a plea in abatement, averring that a similar action by notice of motion on the same note had been prosecuted to judgment against the McCues in 1933; that the judgment was thereafter set aside as to Anthony F. McCue in a suit in chancery prosecuted by him for that purpose on the ground that he had not been legally served with process in the original action. A demurrer interposed by the plaintiff to the plea was sustained, and the ruling thereon certified to this court for review pursuant to Code 1931, 58-5-2.

The theory of the plea is that as the judgment recovered in the former action is in force and effect against Arnold McCue, he is an improper party to this action.

If Arnold McCue is not a proper party, then the institution of the proceeding in Nicholas County was unauthorized and service of process on Anthony F. McCue in Harrison County is invalid. The issue of whether Arnold McCue is, within the meaning of subsection (a) of section 1, article 1, chapter 56 of the Code, a proper defendant to this action depends upon whether it is an independent action or a continuation of the original action. The plaintiff contends that it is a continuation of the former action, while the defendant, Anthony McCue, insists that it is an independent action. In support of its theory, plaintiff relies upon Code 1931, 55-8-7, which provides: "The holder of any note, check, draft, bill of exchange, or other instrument of any character, whether negotiable or not, or any person entitled to judgment for money on contract, in any action at law or proceeding by notice for judgment on motion thereon, may join all or any intermediate number of the persons liable by virtue thereof, whether makers, drawers, indorsers, acceptors, assignors, or absolute guarantors, or may proceed against each separately, although the promise of the makers, or the obligations of the persons otherwise liable, may be joint or several, or joint and several. If notice or other process be not served upon all persons proceeded against, judgment may nevertheless be given against those liable who have been served as provided by law with such notice or other process. Such actions or proceedings by notice may be had from time to time in the same or any other court until judgment is obtained against every person liable or his personal representative. However, plaintiff shall have satisfaction of but one of two or more judgments rendered on the same demand." The pertinent part of the section, as will be observed, is the sentence: "Such actions or proceedings by notice may be had from time to time in the same or any other court until judgment is obtained against every person liable or his personal representative." The plaintiff would interpret this provision as authorizing the service of new process in the same action or proceeding. Anthony F. McCue assumes the position that the statute,

which in its present form appears for the first time in the Code of 1931, contemplates a new action or proceeding and not a new process in the same action or proceeding. Code 1931, 56-4-53, providing for the recovery of separate judgments in regular actions, follows: "Where, in any action against two or more defendants, the process is served on part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others or from time to time, as the process is served as to such others, proceed to judgment as to them until judgment be obtained against all. Such discontinuance of the action as to any defendant not served with process shall not operate as a bar of any subsequent action which may be brought against him for the same cause." There is no statute specifically authorizing the retention of a proceeding by notice of motion for further process after judgment has been rendered against the defendants who have been served.

In view of the immediately preceding statute and the language of the statute in question, we are clearly of the opinion that the latter contemplates independent actions or proceedings by notice of motion rather than new process in actions or proceedings wherein judgments have been rendered against the defendants who have been served. We are further convinced that because of the existing judgment against Arnold McCue, in which his liability on the note was merged, that he is an improper party to this action. *Fullington* v. *Killen,* 65 Ga. 575; *Webster* v. *Hurvitz,* 116 W. Va. 328, 180 S. E. 265. So holding, we reverse the judgment of the circuit court, sustaining the demurrer to the plea in abatement, and remand the case for further proceedings in accordance with these conclusions.

*Reversed and remanded.*