laration and to each count thereof, with leave to the plaintiff to further amend in accordance with law, if it so desires to do.

### FRIGORIFICO WILSON DE LA ARGENTINA v. WEIRTON STEEL CO.
### No. 371.

District Court, N. D. West Virginia.

Jan. 24, 1940.

P. D. Morris and Erskine, Palmer & Curl, all of Wheeling, W. Va., for plaintiff.

McCamic & Clarke, of Wheeling, W. Va., for defendant.

BAKER, District Judge.

This is a demurrer to the fifth declaration filed herein. There was an original declaration and three prior amended declarations. Before the present declaration, the original declaration and the first two amended declarations were before the Circuit Court of Appeals. The decision will be found in 4 Cir., 62 F.2d 677, from which decision it will appear that the ruling of this Court on demurrer was sustained, for reasons set out in the opinion of Judge Soper. After the decision of the Circuit Court of Appeals, a third amended declaration was filed, to which a demurrer was sustained in a written opinion by this Court, 31 F.Supp. 214, for reasons set out fully therein, which opinion is filed in this record as "Paper No. 34."

The demurrer to the fourth amended declaration is now before the Court.

I find in these five declarations very many extra words, and involved statements.

This Court knows full well, from the stipulation heretofore filed in this case under date of January 29, 1932, being the entire contract between the parties, under date of November 14, 1917, marked "Paper No. 17" in this file, and fully set out in the former opinion of this Court sustaining demurrer to third amended declaration on pages 2 and 3 of said opinion, that the said stipulation admitted that all purchases, for which the plaintiff sues, were made under a contract dated November 14, 1917.

At the time of the oral argument on the present declaration, plaintiff's attention was called to the fact that in its pleading it had assumed inconsistent positions in the various counts in the declaration now under consideration. Counsel for plaintiff claimed that inconsistent pleadings were permitted in West Virginia. I find upon careful examination that such statement is a fallacy. The West Virginia decisions show that only defendants have the right to resort to filing inconsistent pleadings.

"A plaintiff in West Virginia is not permitted to assume successive inconsistent positions in pleading." Ealy v. Shetler Ice Cream Co., 1931, 110 W.Va. 502, 158 S.E. 781; Atlantic Bitulithic Co. v. Town of Edgewood, 1933, 114 W.Va. 243, 171 S.E. 754.

In the case of Ealy v. Shetler Ice Cream Company, 110 W.Va. 502, 158 S.E. 781, at page 782, I find as follows: " 'Parties will not be permitted to assume successive inconsistent positions in the course of a suit or series of suits in reference to the same fact or state of facts.' MacDonald v. Long, 100 W.Va. 551, 131 S.E. 252, 253. In conformity: Clay County Bank v. Mabel Fout Wilson, 109 W.Va. 684, 158 S.E. 517; State v. Price, 100 W.Va. 699, 131 S.E. 710; 10 Ruling Case Law, 698. Such change of front on material questions of fact is not compatible with orderly, definite and regular judicial procedure."

Plaintiff herein, in its last brief, contends that it can file pleadings so utterly inconsistent as to be irreconcilable. With this I can not agree. At the time of oral argument, plaintiff's counsel's attention was called to the foregoing inconsistent positions. It was contended that plaintiff had the right to be inconsistent.

From the foregoing authorities, I conclude the fifth declaration, now under consideration, is defective in law, and demurrer is sustained.

This declaration has been tested by the common law rules of pleading, as applied in the Courts of West Virginia under the General Conformity Act, 28 U.S.C.A. § 724, because said declaration was filed prior to the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. See Rule 86. Of course, all future pleadings herein, filed by either party, must conform to the new rules.