MARY E. MORGAN, *etc. v.* NEWTON C. VEST

(No. 9376)

Submitted January 19, 1943. Decided February 16, 1943.

*John J. Hamrick,* for appellant.
*Duncan W. Daugherty,* for appellee.

KENNA, JUDGE:

This proceeding was instituted in the Domestic Relations Court of Cabell County based upon a notice in the form of a notice of motion for judgment and so treated by the court before which it was returnable, by Mary E. Morgan against Newton C. Vest for the stated purpose of recovering a judgment based upon alimony alleged to be past due under an order of the same court, which had accrued from September 10, 1931, to May 10, 1941, with interest. The notice having been made returnable on May 21, 1941, by agreement of counsel, the matter was submitted July 2, 1941, at which time the court entered its order sustaining

the defendant's motion to quash the notice and dismiss the proceeding, stating in the order that the decree, the terms of which awarding alimony are relied upon as creating the liability sought to be enforced by the notice, is void and of no effect for the reason that in the divorce proceeding wherein the decree for alimony was entered, the bill of complaint did not contain averments sufficient to sustain the jurisdiction of the Domestic Relations Court of Cabell County wherein that proceeding was pending. The Domestic Relations Court of Cabell County not having jurisdiction to entertain a notice of motion for judgment, this appeal, as distinguished from writ of error, was granted to the petitioner below by treating the substance of the petition as having for its purpose the enforcement of that court's previous decree for alimony.

Both the bill of complaint and the order of September 10, 1931, awarding alimony appear in the record now before us as vagrant papers, the clerk of the Domestic Relations Court not having certified their authenticity, but since the clerk of the Circuit Court of Cabell County does certify the entire record upon the application for an appeal in that court and since neither the appellant nor the appellee is questioning the consideration of those papers here, we are treating them as properly included in the record.

The bill of complaint in the divorce case alleges that the plaintiff, Mary E. Vest, is a resident of Cabell County, West Virginia, and that the defendant, Newton C. Vest, is a resident of Charleston, West Virginia, and that the plaintiff and the defendant had lived together after their marriage on May 27, 1928, in Cabell County for a period of approximately fifteen months. These are the only allegations upon which the jurisdiction of the Domestic Relations Court of Cabell County could be based. Under Code, 48-2-9, the plaintiff in a divorce proceeding is granted the election of bringing the cause either in the county where the defendant resides or in the county where the plaintiff and defendant last cohabited, assuming that the defendant is a resident of this State. The allegations of the bill eliminate the question of the cause having been

brought in the county where the defendant resided by its allegations that the defendant is a resident of Kanawha County, leaving as justifying the jurisdiction of the Domestic Relations Court of Cabell County only the question of whether the cause was brought in the county where the defendant and the plaintiff last cohabited, the existence of that state of facts not being alleged in the bill of complaint. Therefore, we believe there is no question but that the bill of complaint does not specifically allege a state of facts sufficient to sustain the jurisdiction attempted to be exercised by the court in the decree for divorce, including alimony. Under our holdings, allegations of active jurisdiction in divorce proceedings are indispensable, and without them, no validity whatever can be attached to the proceedings of the court attempting to exercise its power. See *Jennings* v. *McDougal, Judge,* 83 W. Va. 186, 98 S. E. 162.

There are several defects in the divorce proceeding, such as non-compliance with the statute requiring the filing of the bill before the issuance of process, the direction of the summons to the sheriff of Cabell County and service in Kanawha County by that sheriff, and the question whether there was a sufficient prayer to sustain the decree for alimony, which we do not feel called upon to discuss, because we have no doubt concerning the correctness of the order of the judge of the Domestic Relations Court based upon the reason therein stated, and that being so, the other assignments of error become immaterial.

*Affirmed.*