VIRGINIA LEE HARTMAN

*v.*

HARLAND S. HARTMAN

(No. 10086)

Submitted April 13, 1949. Decided May 10, 1949.

*F. F. Parrack* and *Charles V. Wehner*, and *Tusca Morris,* for appellant.

*Kermit R. Mason,* and *Thomas W. Lewis,* for appellee.

LOVINS, JUDGE:

This suit for divorce was instituted in the Circuit Court of Preston County by Virginia Lee Hartman against Harland S. Hartman, who will be designated herein as "plaintiff" and "defendant", respectively. Defendant prosecutes this appeal from a decree of that court holding that it has jurisdiction of this suit, and requiring the defendant to pay, *pendente lite,* a total of $840.67 for suit money, counsel fees and support for the infant daughter of the plaintiff and defendant. Although defendant makes five assignments of error, in our view this appeal presents only two questions: (1) Is plaintiff estopped from bringing this

suit; and (2) does the Circuit Court of Preston County have jurisdiction of the subject matter of this suit?

Plaintiff and defendant were married in the City of Morgantown on July 17, 1943. After their marriage they established their home in Fairmont, Marion County, where defendant was employed as an instructor in the public schools of that county. Defendant, desiring to attend the University of Illinois at Champaign, in that State, until September, 1946, obtained a leave of absence from the Board of Education of Marion County. On the 17th day of February, 1946, plaintiff, defendant and their child surrendered the premises occupied by them as a home in Fairmont, went to Kingwood in Preston County, where they stayed one or two nights at the home of defendant's parents, after which defendant left Kingwood for Champaign, Illinois, his wife and infant daughter remaining at his parents' home. Plaintiff and defendant had an understanding that if he could obtain suitable quarters at or near the University of Illinois, he would send for plaintiff and their child, so that they could reside with defendant while he was attending said university.

Between the time defendant left Kingwood and May 6, 1946, plaintiff wrote defendant at least six letters in which she expressed her love for him and her hope that he would soon obtain a place for them to live in Champaign. In one of those letters she apprised defendant of her negotiations with W. T. Black with reference to renting Black's residence located in Fairmont for the ensuing school year. On or about May 14, 1946, plaintiff went to Champaign where she met defendant, and they registered at a hotel as man and wife. While plaintiff was visiting her husband, she solicited his consent to her obtaining a divorce, explaining that she was then in love with another man. He refused to accede to her wishes and attempted to dissuade her from suing for a divorce. Ostensibly she agreed to live with him, but on her return to Kingwood, she wrote defendant two letters, the substance of which was that she did not want to live with him because she could not be

happy and that it would be futile for them to attempt to live together as husband and wife.

Negotiations initiated by plaintiff with reference to renting Black's residence seem to have taken place in April, 1946. At some undisclosed date thereafter, plaintiff informed Black that she was not coming to Fairmont and, in affect, ended negotiations for leasing the Black residence.

Defendant returned to Kingwood in the month of June, 1946, where he remained for a short time, thereafter going to Fairmont where he now resides.

Plaintiff instituted a suit for divorce in the Circuit Court of Marion County on September 19, 1946. In her bill of complaint filed therein she alleged that she and defendant last lived together as husband and wife in Fairmont, Marion County; that they separated on February 17, 1946; that since that date "have not resided together as husband and wife"; and that defendant "is now a resident of said City of Fairmont." The other allegations in plaintiff's bill are not material to the disposition of this case and will not be stated.

Defendant's answer to plaintiff's bill of complaint filed in the Circuit Court of Marion County admitted that he was a resident of Marion County; and denied that he and plaintiff last lived and cohabited together in Fairmont, alleging that they last lived together as husband and wife at a hotel in Champaign, Illinois. Other allegations of the bill of complaint were denied by defendant, who accused plaintiff of engaging in an illicit love affair with a physician in Kingwood. In his answer defendant prayed that the bill of complaint be dismissed.

The suit in the Circuit Court of Marion County was not heard on its merits. That court entered two decrees concerning the custody of the child of plaintiff and defendant; referred the cause to a commissioner; awarded a rule in

contempt against plaintiff; and, upon hearing, discharged said rule.

The second decree made by the Circuit Court of Marion County on December 22, 1947, relative to the custody of the child, specifically provided the times defendant should have the custody of the child, and required plaintiff and defendant to perform certain acts with respect to delivering the child to the homes of the paternal and maternal grandparents, plaintiff then living at the home of her parents in Kingwood. Plaintiff thereupon moved the Circuit Court of Marion County to dismiss the suit. The motion was taken under advisement until January 13, 1948, when a decree was made dismissing the suit over objection of defendant.

The summons commencing the suit in Preston County is not in the record; but the record shows that plaintiff's bill of complaint in the instant suit was verified on the same day she moved for dismissal of her suit in Marion County, and that on January 13, 1948, notice of an application for an injunction and other relief was served on defendant. We therefore assume that the instant suit was commenced on or before January 13, 1948.

Defendant filed two pleas in the instant suit, which we designate as pleas in abatement No. 1 and No. 2. Plea No. 1 alleged in detail the proceedings had in the Circuit Court of Marion County, and the dismissal of that suit. Plea No. 2 avers that defendant is not a resident of Preston County; that he had not resided in that county since long prior to February 17, 1946; and that plaintiff and defendant last lived and cohabited together in the City of Fairmont, Marion County, "except that for two or three days in May, 1946, * * * plaintiff visited the defendant at Champaign in said State of Illinois, and lived with defendant at a hotel in said city." Plaintiff interposed demurrers to each of defendant's pleas in abatement. The demurrer of plaintiff to plea No. 1 was sustained, and the demurrer to plea No. 2 was overruled.

Testimony was heard by the Circuit Court of Preston County on the issues raised by plea No. 2, and applications for support money, suit money, counsel fees and custody of the child. After completion of the hearing said court entered the decree on which this appeal is predicated.

It will be noted from the foregoing that the decree appealed from is not final. The court passed on the question of jurisdiction raised by plea No. 2 and the temporary allowances for support, counsel fees and suit money. An interlocutory decree requiring the payment of counsel fees, suit money and support in excess of one hundred dollars is appealable under Code, 58-5-1(g). *Slater v. Slater,* 118 W. Va. 645, 195 S.E. 524. See *Blackshere v. Blackshere,* 111 W. Va. 213, 161 S.E. 27; *MacCorkle v. Bouchelle,* 132 W. Va. 409, 52 S.E. 2d 233, 237.

The pertinent portion of the statute with reference to venue of divorce suits reads: "The suit * * * for divorce, shall, if the defendant be a resident of this State, be brought in the county in which the parties last cohabited, or, at the option of the plaintiff, in the county in which the defendant resides * * *." Code, 48-2-9. The foregoing statute is mandatory. *Morgan v. Vest,* 125 W. Va. 367, 24 S.E. 2d 329.

As has been stated, in the bill of complaint filed in the Circuit Court of Marion County, plaintiff alleged that the defendant was a resident of Marion County, and that she and defendant last lived and cohabited together in that county. In the instant suit plaintiff alleges that the last place where she cohabited with defendant is in Preston County, and that she erroneously brought the suit in Marion County. Such allegation is the explanation made by plaintiff for the dismissal of the suit in Marion County and the commencement of the instant suit. We do not think the explanation is sufficient.

Parties are not permitted to assume successive inconsistent positions in a suit or series of suits concerning the

same fact or state of facts. *MacDonald v. Long,* 100 W. Va. 551, 131 S.E. 252; *Watkins v. Railway Co.,* 125 W. Va. 159, 163, 23 S.E. 2d 621. "A direct specific admission of a fact in a pleading is binding and conclusive on the party making it." *Cobb v. Mortgage etc. Corp.,* 115 W. Va. 83, 174 S.E. 697; *Clark v. Clark,* 70 W. Va. 428, 74 S.E. 234. See *Laundry Co. v. Casualty Co.,* 116 W. Va. 88, 178 S.E. 631; *Keller v. Ry. Co.,* 113 W. Va. 286, 167 S.E. 448; *Ealy v. Ice Cream Co.,* 110 W. Va. 502, 158 S.E. 781; *Canning Co. v. Throwing Co.,* 98 W. Va. 487, 128 S.E. 280.

There is a slight difference in the allegations of the bill of complaint in this suit from the allegations contained in the bill of complaint filed in the Circuit Court of Marion County, but that difference does not suffice to change the identity of the two suits. The facts shown in this record support an inference that plaintiff dismissed her suit in the Circuit Court of Marion County in an endeavor to have the trial of her suit in a forum of her own selection. The inconsistency disclosed by the two bills of complaint relative to the fundamental fact of jurisdiction is a strong, if not controlling, admission against plaintiff's interest in the instant suit.

However, passing over the question of estoppel of plaintiff by her inconsistent allegations with reference to proper venue of her suit for divorce, she fails to show the jurisdictional facts necessary for the maintenance of the instant suit. The proof adduced to show that defendant was, at the time this suit was instituted, a resident of Preston County is clearly insufficient.

"The word 'residence' as used in divorce statutes is almost universally construed as equivalent to 'domicile'." *Boos v. Boos,* 93 W. Va. 727, 731, 117 S.E. 616; *Taylor v. Taylor,* 128 W. Va. 198, 36 S.E. 2d 601. Domicile has been defined as "* * * the place with which a person has a settled connection for certain legal purposes, either because his home is there, or because that place is assigned to him by the law." Restatement of the Law, Conflict of Laws, page

17. Another definition is: "By the term 'domicile', in its ordinary acceptation, is meant the place where a person lives and has his home." *Mitchell v. United States,* 21 Wall. 350, 22 L. ed. 584. "A domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United States, supra.* See *Taylor v. Taylor, supra.* A person can have but one domicile. The husband has the right to fix the domicile of himself and wife, if he exercises that right in an equitable and reasonable manner. *Hall v. Hall,* 69 W. Va. 175, 71 S. E. 103.

It would be illogical to say that when a husband and wife close their home situated in one county and visit the parents of the husband, who live in another, for a short time, the husband intending to go elsewhere, that such action on the part of the husband and wife created a domicile or residence in the county they visited. To so hold would give rise to uncertainty relative to the location of matrimonial domicile on each occasion a husband and wife visited another county or state. The place of domicile does not rest on such flimsy facts.

In the instant case defendant obtained a leave of absence with the intention of attending a university in another state. There is no showing that he intended to remain indefinitely in Champaign, Illinois. True, the parties surrendered their home in Fairmont, and plaintiff and the child remained in Kingwood at the home of defendant's parents until he could provide a place for them to live at or near the university. But such conduct and intent do not suffice to establish a domicile for plaintiff and defendant in Preston County. Undoubtedly plaintiff and defendant, when they went to Kingwood in February, 1946, had no intention of remaining there indefinitely. The letters written by plaintiff to defendant between February 17 and May 6, 1946, show that she intended to go to Illinois to live with defendant while he was attending the University of that State. One letter also shows that plaintiff was active in attempting to procure a house in Fairmont in which they could reside commencing in the month of September, 1946.

When she decided to separate from defendant, she ended negotiations for the rental of such house. Considering all of the facts disclosed by this record, slight, if any, proof is adduced to show that plaintiff and defendant, or either of them, ever had any intention to change their matrimonial domicile from Marion County to Preston County.

In order to confer jurisdiction on the Circuit Court of Preston County, it must be shown that plaintiff and defendant last cohabited therein. "The phrase, 'in the county in which the parties last cohabited', used in the statute, necessarily means the place where the parties ceased to live together as husband and wife in the same house, and ordinarily carries with it the idea of a substantial measure of continuity and regularity." *Jennings v. McDougle,* 83 W. Va. 186, 98 S. E. 162.

It is established that plaintiff and defendant engaged in sexual intercourse in Kingwood on or about February 17, 1946. There is a conflict as to whether they indulged in sexual intercourse on the occasion of plaintiff's visit to Champaign. It is immaterial for the purpose of establishing cohabitation of the parties hereto whether such intercourse was had at either or both places.

Plaintiff alleges that defendant having filed an answer in the instant suit has given his consent to the establishment of jurisdiction by the Circuit Court of Preston County. This position is untenable. We are here concerned with the matrimonial status of plaintiff and defendant, which is the subject matter of this suit. Jurisdiction of the subject matter is not conferred by consent. *Nolan v. Coal Co.,* 119 W. Va. 545, 194 S. E. 347; *Freer v. Davis,* 52 W. Va. 1, 43 S. E. 164; *Ohio River R'y Co. v. Gibbens,* 35 W. Va. 57, 12 S. E. 1093.

Moreover, plaintiff alleges that the Circuit Court of Preston County having jurisdiction of the person of the infant child takes jurisdiction of the suit for all purposes. This may be true in an ordinary suit in equity, but juris-

diction of a divorce suit is derived from and controlled by statute. *Taylor v. Taylor*, 128 W. Va. 198, 203, 36 S. E. 2d 601; *Nield v. Nield*, 126 W. Va. 430, 28 S. E. 2d 825.

We hold that the evidence introduced by the plaintiff is not sufficient to show that plaintiff and defendant changed their place of cohabitation from Marion to Preston County; and that there is insufficient proof to establish that defendant is a resident of Preston County. Accordingly, the Circuit Court of Preston County is without jurisdiction to hear and determine this suit.

In view of the foregoing, it is unnecessary to discuss the assignments of error relative to "unclean hands", and the allowance of support, counsel fees and suit money.

All decrees made by the Circuit Court of Preston County in this suit are hereby set aside and vacated, and this suit is dismissed at the cost of plaintiff.

*Reversed and dismissed.*