LORA C. SCOTT

v.

CLARA SCOTT

(No. 10746)

Submitted January 17, 1956.  Decided February 28, 1956.

*William L. Jacobs,* for appellant.

No appearance for appellee.

BROWNING, PRESIDENT:

This Court granted an appeal from a decree of the Circuit Court of Wood County, entered March 25, 1955, dismissing plaintiff's bill of complaint.

Plaintiff, Lora C. Scott, brought suit for divorce against his wife, Clara Scott, on the ground of desertion. The first paragraph of the bill of complaint alleges that both plaintiff and defendant "are now actual bona fide residents" of Wood County. Paragraph 5 of the bill then alleges that the parties last cohabited as husband and wife in Cairo, West Virginia (which is in Ritchie County); that the present post office address of the plaintiff is in Wood County; and that the present post office address of the defendant is in Ritchie County.

Defendant appeared specially and moved to dismiss on the ground of lack of jurisdiction, which motion, termed a "Special Answer", was subsequently withdrawn.

Defendant then filed a special plea in bar alleging that defendant, as plaintiff, had obtained a divorce *a mensa et thoro* from the plaintiff in the Circuit Court of Ritchie in 1933, and filed such decree as an exhibit.

Plaintiff demurred to the special plea on the grounds: (1) It does not constitute any defense to the bill of complaint in the instant suit; (2) is not responsive to the bill of complaint; (3) in seeking to avoid the allegations of the bill, it confesses all the essential averments necessary to support a decree; and (4) in effect, admits the parties cohabited as husband and wife subsequent to the entry of the decree *a mensa et thoro,* and the desertion thereafter, without reasonable cause, for a period of two years.

The trial court overruled the plaintiff's demurrer to the special plea, attached the demurrer to the bill of complaint, as the first pleading at fault, sustained the demurrer as to Paragraph 5 thereof on the basis of Code, 48-2-9, as amended, and dismissed the suit. The action

of the trial court in attaching the demurrer to the bill of complaint was correct if the bill was demurrable. A demurrer reaches back to the first fault in the pleading of either party. *State ex rel. George* v. *Lutz*, 131 W. Va. 126, 46 S. E. 2d. 245; *Doolittle, et al.* v. *County Court of Cabell County*, 28 W. Va. 158.

Code, 48-2-9, as amended, provides: "The suit for annulling or affirming a marriage, or for divorce, shall, if the defendant be a resident of this state, be brought in the county in which the parties last cohabited, or, at the option of the plaintiff, in the county in which the defendant resides; * * *."

In an opinion filed with the decree, the trial court stated that under this venue statute Paragraph 5 of the bill of complaint made the bill demurrable. Paragraph 5 reads as follows: "The plaintiff and defendant last lived and cohabited together as husband and wife in Cairo, West Virginia, on or about the — day of July, 1944. The present post office address of the plaintiff is 1010 Swann Street, Parkersburg, Wood County, West Virginia, and the present post office address of the defendant is Harrisville, Ritchie County, West Virginia." The court correctly took judicial notice of the fact that Cairo is an incorporated city in the County of Ritchie and the State of West Virginia. However, the first paragraph of the bill reads in part as follows: "The plaintiff and defendant are now and were at the time the cause of action which is made the basis of this suit arose actual bona fide citizens of the United States and of the State of West Virginia, and are now actual bona fide residents of the County of Wood in said State, * * *." That allegation this Court finds is sufficient to meet the requirements of Code, 48-2-9, as amended, in that it very clearly alleges that the defendant, at the time of the bringing of the suit, resided in Wood County, West Virginia. If the plaintiff can sustain his allegation that defendant is a "bona fide resident" of Wood County by proper evidence, it is immaterial where she receives

her mail. It was error, therefore, to sustain the demurrer as to the bill of complaint.

Perhaps it should be noted at this point that the plaintiff, in his brief and oral argument before this Court, stressed the fact that in certain cases the law fixes the domicile of the wife by that of her husband. While that is true during cohabitation, as evidenced by the decision of this Court in *Hartman* v. *Hartman,* 132 W. Va. 728, 53 S. E. 2d. 407, and many other cases cited in that opinion, it is not true where there has been a valid separation and one of the parties brings suit against the other for divorce. In such case, Code, 48-2-9, as amended, is mandatory as to venue. *Morgan* v. *Vest,* 125 W. Va. 367, 24 S. E. 2d. 329.

This Court having found that the bill of complaint was not demurrable, it becomes necessary to determine whether the defendant's special plea, which was demurred to by the plaintiff, constituted a valid defense to the bill of complaint.

By Chapter 35, Acts of the Legislature, Regular Session, 1935, divorces *a mensa et thoro* or "bed and board" divorces were abolished. Prior thereto, Code, 48-2-16, provided that: "A decree of divorce from bed and board shall operate upon the rights and legal capacities of the parties as a decree for a divorce from the bond of matrimony, except that neither party shall marry again during the life of the other." Code, 48-2-20, at that time provided: "When a divorce from bed and board has been decreed, such decree may be revoked at any time afterwards by the same court by which it was pronounced, under such regulations and restrictions as the court may impose, upon the joint application of the parties, and upon their producing satisfactory evidence of their reconciliation. * * * " By Chapter 35 of the Amendment of 1935, it was provided that: "Any decree of divorce from bed and board entered before the passage of this law, may be revoked at any time by the same court by which it was pronounced, under such regulations and

restrictions as the court may impose, upon the joint application of the parties, and upon their producing satisfactory evidence of their reconciliation. * * * " The offended party who secured the divorce *a mensa et thoro* had the right thereafter to live separate and apart from the other party, and, if this party exercised the rights conferred by it, could not be guilty of desertion or abandonment.

The third syllabus point of *Boger* v. *Boger*, 86 W. Va. 590, 104 S. E. 49, reads as follows: "As a divorce from bed and board authorizes the party in whose favor it is granted, to live separate and apart from the other and absolves the former from all personal duty to the latter, the party obtaining the divorce and exercising the rights conferred by it cannot be guilty of desertion or abandonment of the other, within the meaning of the law." In the *Boger* case, there was no allegation of the resumption of martial relations by the parties subsequent to the granting of the divorce *a mensa et thoro*, and in the body of the opinion the Court said: "If there could be desertion or abandonment, by the party in whose favor a divorce from bed and board has been granted, except in the case of remarriage or valid resumption of the martial relation, after the award of the divorce, within the meaning of the law, the facts alleged in the bill might be sufficient to constitute it. There is no occasion to say whether they could or not."

The first syllabus point in *Cariens* v. *Cariens*, 50 W. Va. 113, 40 S. E. 335, states: "A decree of divorce *a mensa et thoro* allowing alimony to the wife is *res judicata* as to the alimony; but the husband may be discharged therefrom by the subsequent adultery of the wife." While the Court held in that case that the evidence was insufficient to support the allegation of adultery, Judge Brannon, speaking for the Court, said in the opinion: "* * * But the ground on which Cariens rested his prayer for release from that alimony is on facts transpiring subsequent to the decree, the adultery of

his wife. When a decree of absolute divorce gives alimony, the subsequent sexual intercourse by the late wife with other men is no ground for discharging the man from such alimony, because after such decree the woman is no longer wife, no longer owes any duty of purity to the husband, and breaks no duty to him by her misconduct however gross. * * *. But these authorities, as also reason, would make a difference between absolute divorces and decrees of separation. The parties between whom there is judicial separation by a divorce from bed and board are yet man and wife, and may be reconciled, and can reunite without decree or violation of law. * * *"

In *Crouch* v. *Crouch*, 78 W. Va. 708, 90 S. E. 235, this Court said: "The decree in the former suit of defendant against plaintiff, being a suit for divorce *a mensa,* and not *a vinculo,* and founded on another and different provision of the statute, could not upon principles enunciated in the authorities above cited, conclude the defendant in a suit for divorce *a vinculo* on grounds of impotency. * * * "

In 17 Am. Jur., Divorce and Separation, §178, it is stated that:

> "Since an absolute divorce puts an end to the marriage relation, if a valid decree of absolute divorce has been granted to the defendant, it is a bar to a subsequent decree in favor of the other party, for there is no marriage relation upon which the second decree can operate. * * *
>
> "* * *.
>
> "It is well recognized that a decree of limited divorce is no bar to a subsequent decree in favor of either party for an absolute divorce on a ground arising after the first decree."

*Cariens* v. *Cariens, supra,* is cited in the footnote in support of the last quotation.

The bill in this cause alleges in substance that the defendant did not exercise the rights conferred upon her by the decree *a mensa et thoro* granted by the Circuit

Court of Ritchie County in 1933. It alleges that she deserted the plaintiff "on or about July —, 1944", which was approximately eleven years subsequent to the granting of the decree *a mensa et thoro*. While it is true that both Code, 48-2-20, and the Amendment of 1935, by Chapter 35, Acts of the Legislature, provided that the parties to a decree of divorce *a mensa et thoro* could have the decree revoked if they became reconciled by their joint application to the court which had granted it, this Court holds, upon consideration of the statute and the authorities hereinbefore cited, that such procedure was not exclusive, and if the offended party under such a decree became reconciled with the offending spouse, and they thereafter lived together as man and wife, as they had a right to do since they still maintained that status, either party thereafter could be guilty of desertion under the provisions of Code, 48-2-4, as amended by Chapter 35, Acts of the Legislature, Regular Session, 1935. What effect, if any, such voluntary reconciliation would have upon the provisions of the decree *a mensa et thoro,* other than waiving the right of the offended spouse to live separate and apart from the other spouse, is not before this Court upon this appeal.

The action of the trial court in refusing to sustain the plaintiff's demurrer to the defendant's special plea of former adjudication, attaching the demurrer to the plaintiff's bill as the first pleading in fault, sustaining the demurrer to the bill and dismissing the bill, is reversed.

*Reversed and remanded.*